ACCEPTED
04-15-00548-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/18/2015 5:33:07 PM
KEITH HOTTLE
CLERK

## CAUSE NO. 04-15-00548-CV

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT

. SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/18/2015 5:33:07 PM
KEITH E. HOTTLE
Clerk

RUFINA REYES YANEZ,

    Appellant

      v.

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Appellee

FROM THE 341ST JUDICIAL DISTRICT COURT, WEBB COUNTY, TEXAS

TRIAL COURT NO. 2014CVF000504-D3

HONORABLE REBECCA RAMIREZ PALOMO, JUDGE PRESIDING

## SUPPLEMENT TO APPELLANT'S MOTION TO REINSTATE THE APPEAL

**TO THE HONORABLE COURT OF APPEALS:**

Appellant, RUFINA REYES YANEZ, submits this supplement to Appellant's motion to reinstate the appeal of the Court's consideration.

1.    Appellant has always made it resounding clear that she wants to set aside the summary judgment rendered against her on July 21, 2015. Appellant filed her notice of appeal on September 3, 2015, which was within 15 days of the date

the notice of appeal was due. See Rules 4.1 10.5(b), 25, 1, 26.3, she filed a motion for extension of time to file her notice of appeal and on September 23, 2015, she filed a motion for extension of time to file her notice of appeal and on September 23, 2015, she filed her motion to abate the appeal.

3.    Attached as *Exhibit A* is a true copy of the Docket sheet which was left out of the Clerk's Record that was filed on September 18, 2015. The District Clerk failed to include in the Clerk's Records Appellant's motion for mandatory judicial notice filed on July 10, 2015, which included incontrovertible evidence that Appellee had been notified on November 1, 2001, that Appellant's husband had died, contrary to Appellee's repeated assertions that Appellee had not learned of the insured's death until November of 2003. See *Exhibit B*.

4.    Appellant's valuable right to appeal should not be lost because of a hyper technical interpretation of the Texas Rules of Appellate Procedure. See *Verburgt v. Dormer*, 959, S.W. 2d 615, 616-17(Tex.1997).

Respectfully submitted,

ARMANDO TREVINO
Attorney At Law
State Bar No. 20211100
1519 Washington St, Suite # 1.
Laredo, Texas 78040
Telephone No. (956) 726-1638
Email: armando_trevinolaw@hotmail.com
Attorney For Appellant

Subscribed and sworn to before me on the _18th_ day of November, 2015, by

Armando Treviño, Attorney for Appellant.

_JecBeenSter_
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I certify that on November _18th_, 2015, I served a copy of the Motion To Reinstate Appeal was sent via hand-delivery or e-service to JASON A. RICHARDSON, EDISON, McDOWELL & HETHERINGTON LLP, 3200 Southwest Freeway, Suite 2100, Houston, Texas 77027, jason.richardson@emhllp.com, Webb County District Clerk's office Esther Degollado, and Ana Alcantar.

_Armando Treviño_
ARMANDO TREVIÑO

# EXHIBIT A



## JUDICIAL CALENDAR

As of 11/18/2015 2:36:58 PM

## Case # 2014CVF000504 D3

**Rufina Reyes Yanez vs. American General Life Insurance Company**

**Type:** Contract

**Date Filed:** 3/18/2014 12:00:00 AM

**Court:** 341st District Court

**Complaint:** Contract

### Party Information

| Name | Affiliation |
| --- | --- |
| American General Life Insurance Company | Defendant |
| Rufina Reyes Yanez | Plaintiff |

### Attorney Information

| Name | Affiliation |
| --- | --- |
| Armando Trevino | Attorney for Plantiff |
| Jason A Richardson | Attorney for Defendant |

### Court Dates

| Date | Description | Status |
| --- | --- | --- |
| 7/13/2015 9:00:00 AM | Motions | Open |
| 5/18/2015 8:00:00 AM | Jury Trial | Canceled |
| 5/4/2015 9:00:00 AM | Pre-Trial | Open |
| 3/5/2015 9:00:00 AM | Motion For Continuance | Open |
| 3/5/2015 9:00:00 AM | Motion For Summary Judgment | Open |
| 10/2/2014 9:00:00 AM | Status | Open |
| 9/15/2014 9:00:00 AM | Status | Postponed |
| 6/30/2014 1:30:00 PM | Motions | Open |
| 6/30/2014 1:30:00 PM | Special Exceptions | Open |
| 6/2/2014 1:30:00 PM | Calendar Call | Open |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 11/17/2015 4:59:21 PM | Filing Papers | *IMG* LETTER FROM RAMOS TREVINO DATED 11/13/15 (RE: REQUEST TO PREPARE THE CLERL'S RECORD ON APPEAL). EJG |
| 11/16/2015 8:16:19 AM | Notes | SPOKE WITH JUILIE FROM ATTY. ARMANDO TREVINO'S OFFICE TODAY REGARDING E-MAIL SENT TO MS. DEGOLLADO ON CLERKS RECORD. ADVISED HER THAT A CLERKS RECORD WAS SENT TO THE FOURTH COURT OF APPEALS ON 9/18/15 AND IF A NEW CLERKS RECORD IS REQUESTED. SHE WOULD ADVISE MR. TREVINO AND WOULD GET BACK TO ME. (SL) |
| 11/3/2015 8:49:57 AM | Judgement | *IMG* JUDGMENT (FOURTH COURT OF APPEALS) SL |
| 10/28/2015 8:22:23 AM | Filing Papers | *IMG* MEMORANDUM OPINION (FOURTH COURT OF APPEALS). SL |
| 10/6/2015 8:54:42 AM | Order | *IMG* ORDER (FOURTH COURT OF APPEALS) 10/5/15. (SL) |
| 10/1/2015 3:58:15 PM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/28/15. 9SL) {RE: APPELLEE'S RESPONSE TO APPELLANT'S NOTICE OF COURT TO ABATE FILED |
| 9/23/2015 9:44:11 AM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/22/15. (SL) {RE: ANA ALCANTAR'S NOTIFICATION OF LATE REPORTER'S RECORD} |
| 9/23/2015 9:42:35 AM | Filing Papers | *IMG* LETTER FROM FROUTH COURT OF APPEALS DATED 9/21/15. (SL) {RE: APPELLANT'S NOTICE OF COURT TO ABATE} |
| 9/22/2015 1:29:58 PM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/18/15. (SL) {RE: ELECTRONIC CLERK'S RECORD RECEIVED} |
| 9/22/2015 1:28:14 PM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/21/15. (SL) {RE: LETTER TO COURT REPORTER} |
| 9/21/2015 11:42:08 AM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEAL DATED 9/16/15. (SL) {RE: APPELLE'S MOTION TO DISMISS} |
| 9/18/2015 10:57:18 AM | Clerk's Record (Appeal) | *IMG* CLERKS RECORD. (SL) |
| 9/18/2015 10:55:17 AM | Filing Papers | *IMG* CONFIRMATION FROM FOURTH COURT OF APPEAL (SL) {RE: CLERKS RECORD} |
| 9/15/2015 2:49:27 PM | Docket Sheet | *IMG* CIVIL CASE DOCKET SHEET. (SL) |
| 9/11/2015 9:02:53 AM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/10/15. (SL) {RE: FEES FOR FILING APPEAL} |
| 9/11/2015 9:01:22 AM | Filing Papers | *IMG* LETTER FROM FOURTH COURT OF APPEALS DATED 9/3/15. (SL) {RE: MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL} |
| 9/4/2015 10:21:01 AM | Telephone Call | SPOKE WITH JULIE FROM ATTY. TREVINO'S OFFICE REGARDING FILING THE DESIGNATION OF CLERK RECORDS. (SL) |
| 9/4/2015 9:01:36 AM | Filing Papers | *IMG* CONFIRMATION FROM FOURTH COURT OF APPEALS. (SL) |

## Activity

| Date | Type | Description |
|------|------|-------------|
| 9/3/2015 4:48:44 PM | NOTICE OF APPEAL | *IMG* NOTICE OF APPEAL. (SL) COPY FORWARD TO COURT REPORTER ANA ALCANTAR |
| 7/21/2015 10:02:43 AM | Order | *IMG* ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE THE MAY 13, 2015 ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT SIGNED 7/20/2015. (SL) FAXED TO ATTY. ARMANDO TREVINO AND ATTY. JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |
| 7/20/2015 3:38:27 PM | Filing Papers | *IMG* FILING OF A RELEVANT EXHIBIT (E-FILED BY ATTORNEY ARMANDO TREVINO). EJG |
| 7/13/2015 5:30:29 PM | Filing Papers | *IMG* ADVISORY TO THE COURT. (SL) |
| 7/13/2015 10:51:20 AM | Notes | CASE CALLED. HONORABLE JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. ATTY. ARMANDO TREVINO AND ATTY. JASON RICHARDSON PRESENT. HEARING ON MOTION TO SET ASIDE JUDGMENT. ARGUMENTS HEARD FROM BOTH SIDES. COURT HAS TAKE MOTION UNDER ADVISEMENT. (SL) {COURT KEPT COURTS' FILE} |
| 7/10/2015 3:31:48 PM | Response | *IMG* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RELEVANT DOCUMENTS AND FOR JUDICIAL NOTICE. (ATTACHED WITH ORDER). SL |
| 7/10/2015 12:36:07 PM | Filing Papers | *IMG* MOTION FOR LEAVE TO FILE RELEVANT DOCUMENTS AND FOR JUDICIAL NOTICE (ATTACHED WITH AN ORDER). EJG |
| 7/7/2015 10:56:46 AM | Response | *IMG* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE THE MAY 13, 2015 ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT (ATTACHED WITH AN ORDER, SENT TO COURT COORDINATOR). EJG |
| 6/25/2015 8:45:25 AM | Notices of Hearing | *IMG* NOTICE OF HEARING (MOTION TO SET ASIDE JUDGMENT) SET FOR 7/13/15 @ 9:00AM. FAXED AND MAILED TO ATTY. ARMANDO TREVINO AND JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |
| 6/24/2015 12:58:24 PM | Court Case Assignment | Court date/time: 7/13/2015 9:00 Hearing Type: 37 Motions Assignment of court date/time. Status entered as Open |
| 6/12/2015 4:21:33 PM | Filing Papers | *IMG* SECOND SUPPLEMENT TO PLAINTIFF'S MOTION FOR NEW TRIAL (E-FILED BY ATTORNEY ARMANDO TREVINO). EJG |
| 6/12/2015 3:33:10 PM | Filing Papers | *IMG* PLAINTIFF'S SUPPLEMENT TO MOTION TO SET ASIDE THE MAY 13, 2015 SUMMARY JUDGMENT. (EJG) |
| 6/12/2015 2:47:11 PM | Motion For New Trial | *IMG* SUPPLEMENTAL PLAINTIFF'S MOTION TO SET ASIDE THE MAY 13, 2015, ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND IN THE ALTERNATIVE MOTION FOR NEW TRIAL (ATTACHED WITH ORDER). EJG |
| 6/5/2015 4:32:44 PM | Motion For New Trial | *IMG* PLAINTIFF'S MOTION TO SET ASIDE THE MAY 13, 2015, ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT. (ATTACHED WITH ORDER). SL NOTICE |

| Activity | | |
| --- | --- | --- |
| Date | Type | Description |
| | | OF HEARING....REC'D AND SENT TO COURT COORDINATOR. (SL)_ |
| 5/13/2015 3:55:20 PM | Disposition | Disposition entered as 408. Disposition code 408: SumJudgmnt For AMERICAN GENERAL LIFE INSURANCE COMPANY |
| 5/13/2015 3:55:20 PM | Case Status | Case Status changed from ACTV to DISP. Case Status ACTV: Active Case Status DISP: Disposed For AMERICAN GENERAL LIFE INSURANCE COMPANY |
| 5/13/2015 12:52:20 PM | Filing Papers | *IMG* NOTICE REGARDING ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT (E-FILED BY ATTORNEY JASON A. RICHARDSON). EJG |
| 5/13/2015 12:29:51 PM | SUMMARY JUDGMENT | *IMG* ORDER GRANTING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT SIGNED 5/13/2015. (SL) FAXED TO ATTY. JASON RICHARDSON AND MAILED TO ATTY. ARMANDO TREVINO FROM 406TH CIVIL COURT COORDINATOR CRUZ MALDONADO. (SL) |
| 5/4/2015 4:28:10 PM | Court Case Assignment | Court date/time: 5/18/2015 8:00 Hearing Type: 4 Jury Trial Status changed from Open to Cance |
| 5/4/2015 3:12:27 PM | Order | *IMG* ORDER GRANTING DEFENDANT'S MOTION TO STAY SIGNED 5/4/15. (SL) |
| 5/4/2015 3:03:26 PM | Notes | CASE CALLED. JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. ATTY. ARMANDO TREVINO AND ATTY. JASON RICHARDSON PRESENT. PARTIES NOT PRESENT. PRE-TRIAL HEARING, ATTYS. ANNOUNCED THAT AN AGREED MOTION TO STAY WAS FILED, COURT GRANTED MOTION, CASE SET FOR JURY SELECTION MAY 18, 2015 PENDING RULING ON SUMMARY JUDGMENT HEARING WITH JUDGE HALE ON MARCH 3, 2015.(SL) |
| 5/1/2015 2:24:43 PM | Filing Papers | *IMG* PLAINTIFF'S AGREEMENT WITH DEFENDANT'S MOTION TO STAY (E-FILED BY ATTORNEY ARMANDO TREVINO). EJG |
| 5/1/2015 2:13:34 PM | Filing Papers | *IMG* PLAINTIFF'S VERIFIED MOTION FOR CONTINUANCE (ATTACHED WITH AN ORDER). EJG |
| 4/28/2015 4:25:58 PM | Filing Papers | *IMG* DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO STAY. (SL) |
| 4/28/2015 4:16:05 PM | Filing Papers | *IMG* FINAL PRE-TRIAL REPORT (FILED SENT COURT COURT FOR REVIEW) SL ** RETURN BACK FROM COURT UNSIGNED 5/14/15 *** |
| 4/28/2015 4:12:41 PM | Filing Papers | *IMG* DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION IN LIMINE. (SL) |
| 4/20/2015 4:36:43 PM | Filing Papers | *IMG* AMERICAN GENERAL'S TRIAL EXHIBIT LIST. MG |
| 3/10/2015 3:26:44 PM | Order | *IMG* ORDER DENYING PLTF'S VERIFIED MOTION FOR CONTINUANCE SIGNED BY JUDGE HALE 3/6/15. (SL) FAXED AND MAILED TO ATTY. ARMANDO TREVINO AND ATTY. JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |

## Activity

| Date | Type | Description |
|---|---|---|
| 3/5/2015 1:49:06 PM | Notes | CASE CALLED. JUDGE OSCAR J HALE SITTING IN FOR JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. ATTY. ARMANDO TREVINO PRESENT WITH RUFINA REYES YANEZ. ATTY. BOBBY DEVELAC PRESENT FOR AMERICAN GENERAL LIFE INSURANCE. 1.) HEARING ON PLFTS' MOTION FOR CONTINUANCE, COURT DENIED MOTION ORDER SIGNED IN OPEN COURT. 2.) HEARING ON MOTION FOR PARTIAL SUMMARY JUDGMENT, COURT DEFERRED RULE ON MOTION TO REVISE MOTION AND RULE AT A LATER DATE. (SL) |
| 3/4/2015 3:06:11 PM | Filing Papers | *IMG* AMERICAN GENERAL'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT. (ORDER ATTACHED) SL |
| 3/3/2015 11:03:05 AM | Filing Papers | *IMG* FIRST SUPPLEMENT TO MOTION TO COMPEL ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS. (SL) |
| 2/27/2015 2:33:37 PM | Filing Papers | *IMG* NOTICE OF HEARING (PLTF MOTION FOR CONTINUANCE (SET FOR 5/5/15 @ 9:00AM. FAXED AND MAILED TO ATTY. ARMANDO TREVINO, AND JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |
| 2/27/2015 1:34:37 PM | Court Case Assignment | Court date/time: 3/05/2015 9:00 Hearing Type: 67 Mnt/Contin Assignment of court date/time. Status entered as Open |
| 2/27/2015 9:52:16 AM | Response | *IMG* AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S VERIFIED MOTION FOR CONTINUANCE (ATTACHED WITH AN ORDER DENYING ORDER FOR MOTION FOR CONTINUANCE). EJG |
| 2/27/2015 9:50:58 AM | Response | *IMG* RESPONSE TO MOTION TO COMPEL ARBITRATION. (EJG) |
| 2/25/2015 3:01:22 PM | Response | *IMG* PLAINITTF'S RESPONSE TO DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT. (EJG) |
| 2/24/2015 4:36:24 PM | Filing Papers | *IMG* PLAINTIFF'S VERIFIED MOTION FOR CONTINUANCE REGARDING DEFENDANT'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT.(SL) ORDER...REC'D AND SENT TO COURT COORDINATOR. (SL) ** ORDER RETURN BACK FROM COURT UNSIGNED 3/10/15. |
| 2/13/2015 3:13:51 PM | Filing Papers | *IMG* PLAINTIFF'S MOTION FOR A PARTIAL SUMMARY JUDGMENT (NO FIAT OR ORDER ATTACHED). EJG |
| 1/26/2015 2:03:45 PM | Court Case Assignment | Court date/time: 3/05/2015 9:00 Hearing Type: 142 Motsumjudt Assignment of court date/time. Status entered as Open |
| 1/22/2015 2:39:09 PM | Notices of Hearing | *IMG* NOTICE OF HEARING. (SL) |
| 1/22/2015 2:32:31 PM | Motion for Summary Judgment | *IMG* AMERICAN GENERAL LIFE INSURANCE COMPANY'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT. (SL) |
| 10/3/2014 4:20:48 PM | Filing Papers | *img* NOTICE REGARDING PRE-TRIAL GUIDELINE ORDER (E-FILED BY ATTORNEY JASON A. RICHARDSON). EJG |
| | Notes | |

## Activity

| Date | Type | Description |
|---|---|---|
| 10/2/2014 1:35:41 PM | | CASE CALLED. JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. ATTORNEY ARMANDO TREVINO PRESENT. ATTORNEY JASON A. RICHARDSON PRESENT. HEARING ON STATUS. COURT ORDERED ATTORNEYS TO SUBMITT A PRE-TRIAL GUIDELINE ORDER TO COURT COORDINATOR FOR FURTHER PROCESS. (EJG) |
| 9/19/2014 9:53:28 AM | Notices of Hearing | *IMG* NOTICE OF HEARING (STATUS/ADDITIONAL DISCOVERY) SET FOR 10/2/14 @ 9:00AM. FAXED AND MAILED TO ATTY. ARMANDO TREVINO AND ATTY. JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |
| 9/15/2014 4:26:48 PM | Court Case Assignment | Court date/time: 10/02/2014 9:00 Hearing Type: 48 Status Assignment of court date/time. Status entered as Open |
| 9/15/2014 4:26:09 PM | Court Case Assignment | Court date/time: 9/15/2014 9:00 Hearing Type: 48 Status Status changed from Open to Post/ |
| 9/15/2014 4:23:16 PM | Notes | CASE CALLED. JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. NO ONE PRESENT. STATUS HEARING RESET TO 10/2/14 @ 9:00AM. (SL) |
| 7/2/2014 10:40:10 AM | Notices of Hearing | *IMG* NOTICE OF HEARING (STATUS-ADDITIONAL DISCOVERY) SET ON 9/15/14 @ 9:00AM FAXED AND MAILED TO ATTORNEY ARMANDO TREVINO AND ATTORNEY JASON A. RICHARDSON FROM CIVIL COURT COORDINATOR. (EJG) |
| 7/2/2014 10:11:44 AM | Court Case Assignment | Court date/time: 9/15/2014 9:00 Hearing Type: 48 Status Assignment of court date/time. Status entered as Open |
| 6/30/2014 2:23:37 PM | Notes | CASE CALLED. JUDGE BECKIE PALOMO PRESIDING. COURT REPORTER ANA ALCANTAR. ATTY. ARMANDO TREVINO PRESENT FOR RUFINA REYES YANEZ. ATTY. JASON RICHARDSON PRESENT FOR AMERICAN GENERAL LIFE INSURANCE. 1.) HEARING ON PLFT. SPECIAL EXECEPTIONS, 2.) DFTS. MOTION TO DISMISS PURSUANT TO RULE 91A, ATTYS. REQUESTED A RESET PENDING ADDL. DISCOVERY. CASE RESET TO 9/15/14 @ 9:00AM. (SL) |
| 6/24/2014 3:48:57 PM | Response | *IMG* AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S SPECIAL EXCEPTION (ATTACHED WITH EXHIBIT 1). EJG |
| 6/20/2014 3:02:24 PM | Filing Papers | *IMG* AMERICAN GENERAL LIFE INSURANCE COMPANY'S NOTICE OF WITHDRAWAL OF MOTION. (EJG) |
| 6/20/2014 9:50:58 AM | Notices of Hearing | *IMG* NOTICE OF HEARING (PLTF. SPECIAL EXCEPTIONS) SET FOR 6/30/14 @ 1:30PM. FAXED AND MAILED TO ATTY. JASON RICHARDSON, AND MAILED ONLY TO ARMANDO TREVINO FROM CIVIL COURT COORDINATOR. (SL) |
| 6/19/2014 3:23:48 PM | Court Case Assignment | Court date/time: 6/30/2014 13:30 Hearing Type: 65 Spcl/excpt Assignment of court date/time. Status entered as Open |
| 6/18/2014 4:49:31 PM | Filing Papers | *IMG* REPLY TO AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 91a. (sl) |
| 6/18/2014 4:45:33 PM | Filing Papers | *IMG* SPECIAL EXCEPTIONS TO DEFENDANT'S ORIGINAL ANSWER. (SL) (FILED BY ATTY. ARMANDO TREVINO) ** |

| Activity | | |
|---|---|---|
| **Date** | **Type** | **Description** |
| | | ATTACHED WITH NOTICE OF HEARING AND ORDER...REC'D AND SENT TO COURT COORDINATOR. (SL) |
| 6/12/2014 3:21:44 PM | Notices of Hearing | *IMG* NOTICE OF HEARING (DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 91A) SET ON 6/30/14 @ 1:30PM FAXED AND MAILED TO ATTORNEY JASON A. RICHARDSON AND MAILED ONLY TO ATTORNEY ARMANDO TREVINO FROM CIVIL COURT COORDINATOR. (EJG) |
| 6/12/2014 9:41:30 AM | Court Case Assignment | Court date/time: 6/30/2014 13:30 Hearing Type: 37 Motions Assignment of court date/time. Status entered as Open |
| 6/10/2014 11:27:13 AM | Filing Papers | *IMG* NOTICE OF SERVICE OF REQUESTS FOR DISCOVERY. (SL) |
| 6/4/2014 4:44:26 PM | Pre-Trial Guideline Order | *IMG* PRE-TRIAL GUIDELINE ORDER (JURY) SIGNED 6/2/2014. (DL) (P/T 5/4/15 @ 9:00AM & J/S 5/18/15 @ 8:00AM) FAXED AND MAILED TO ATTY. ARMANDO TREVINO, AND ATTY. JASON RICHARDSON FROM CIVIL COURT COORDINATOR. (SL) |
| 6/3/2014 9:56:48 AM | Court Case Assignment | Court date/time: 5/18/2015 8:00 Hearing Type: 4 Jury Trial Assignment of court date/time. Status entered as Open |
| 6/3/2014 9:56:34 AM | Court Case Assignment | Court date/time: 5/04/2015 9:00 Hearing Type: 2 Pre-Trial Assignment of court date/time. Status entered as Open |
| 5/29/2014 10:58:32 AM | Filing Papers | *IMG* LETTER FROM EDISON, MCDOWELL, AND HETHERINGTON LLP TO CIVIL COURT COORDINATOR MAYA MARTINEZ DATED 5/23/14. (EJG) |
| 5/28/2014 1:53:23 PM | Filing Papers | *IMG* PRE-TRIAL GUIDELINE ORDER REC'D AND PLACED IN COURT'S FILE FOR HEARING. (EJG) |
| 5/23/2014 3:25:10 PM | Motion to Dismiss | *IMG* AMERICAN GENERAL LIFE INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 91a. (ATTACHED WITH NOTICE OF HEARING AND ORDER)...REC'D AND SENT TO COURT COORDINATOR. (SL) |
| 4/28/2014 10:26:33 AM | Answer | *IMG* AMERCIAN GENERAL LIFE INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES. (SL) (FILED BY ATTY. JASON RICHARDSON) SL |
| 4/15/2014 7:57:03 AM | Returns | *IMG* CITATION RETURN EXECUTED AS TO AMERICAN GENERAL LIFE INSURANCE COMPANY. (DOS 4/10/14) SL |
| 3/24/2014 4:47:15 PM | Filing Papers | *IMG* REQUEST OF COPY FROM EDISON, MCDOWELL & HETHERINGTON LLP. (SL) |
| 3/19/2014 4:25:10 PM | Issuance | *IMG* (2) CITATIONS ISSUED TO AMERICAN GENERAL LIFE INSURANCE COMPANY AND PLACED IN PRIVATE SERVER BOX. (LT) |
| 3/19/2014 4:23:56 PM | Notes | CALENDAR CALL FAXED TO ATTORNEY ARMANDO TREVINO. (LT) |
| 3/19/2014 4:23:54 PM | Court Case Assignment | Court date/time: 6/02/2014 13:30 Hearing Type: 17 Clndr Call Assignment of court date/time. Status entered as Open |
| 3/18/2014 5:03:42 PM | Case Status | Case Status entered as ACTV. Case Status ACTV: Active For AMERICAN GENERAL LIFE INSURANCE COMPANY |

| Activity | | |
| --- | --- | --- |
| Date | Type | Description |
| 3/18/2014 5:03:42 PM | Complaint | *IMG* CONTRACT |

For more information, please contact the Webb County District Clerks (956-523-4268) or County Clerks (956-523-4266) office.



# EXHIBIT B

Filed
7/10/2015 12:36:07 PM
Esther Degollado
District Clerk
Webb District
Esther Jo Garza
2014CVF000504 D3

**CAUSE NO. 2014CVF000504-D3**

| | | |
|---|---|---|
| RUFINA REYES YANEZ,<br>Plaintiff | § | IN THE DISTRICT COURT |
| | | |
| vs. | § | 341st JUDICIAL DISTRICT |
| | | |
| AMERICAN GENERAL LIFE<br>INSURANCE COMPANY,<br>Defendant | § | WEBB COUNTY, TEXAS |

## MOTION FOR LEAVE TO FILE RELEVANT DOCUMENTS AND FOR JUDICIAL NOTICE

### TO THE HONORABLE JUDGE OF SAID COURT:

1. Comes Now Plaintiff RUFINA REYES YANEZ, and moves the Court for leave to file and to take judicial notice of the following relevant documents:

    a. **Exhibit 1**, Plaintiffs' Original Petition on *Cause # 2002CVF000182-D1; Rufina Reyes de Yanez, Individually and as Representative of the Estate of Julio Arturo Yanez, Julio Arturo Yanez-Reyes, Maria Isabel Yanez-Reyes, and Ricardo Yanez-Reyes, Plaintiffs v. Old Line Life Insurance Company of North America, An American General Company, Harry Beltran and Susano Castillo, Jr., d/b/a B &C Financial Planning, Defendants;* In the 49th Judicial District Court, Webb County, Texas.

    b. **Exhibit 2**, proof of service on Old Line Life Insurance Company of North America, An American General Company, et al;

    c. **Exhibit 3**, copy of Defendant Old Line Life Insurance Company of North America's Original Answer; and

    d. **Exhibit 4**, copy of Docket Sheet of Webb County Judicial System.

2.    These documents are relevant because they prove that American General Life Insurance Company as far back as 2002 that Julio A. Yanez had died and the Court is required to take judicial notice of the documents.

3.    **Prayer.** Premises considered plaintiff asks the court for leave to file Exhibits 1, 2, 3, 4, for the court to take judicial notice of the exhibits and to grant plaintiffs motion for a new trial.

Respectfully submitted,

ARMANDO TREVINO
State Bar No. 20211100
1519 Washington St., Suite One
Laredo, Texas 78040
Tel: (956) 726-1638
Email: armandotrevinolaw@gmail.com
Attorney for Plaintiff
RUFINA REYES YANEZ

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2015, a true and correct copy of the above and foregoing was served by electronic mail to jason.richardson@emhllp.com, JASON A. RICHARDSON, EDISON, McDOWELL & HETHERINGTON LLP, 3200 Southwest Freeway, Suite 2100, Houston, Texas 77027.

ARMANDO TREVINO

# EXHIBIT 1

CAUSE NO. 2002CVF000632M

| | |
|---|---|
| RUFINA REYES DE YAÑEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JULIO ARTURO YAÑEZ, JULIO ARTURO YAÑEZ-REYES, MARIA ISABEL YAÑEZ-REYES, AND RICARDO YAÑEZ-REYES | § IN THE |
| Plaintiffs, V. | § § § § § § § § § § |
| OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA, AN AMERICAN GENERAL COMPANY, HARRY BELTRAN AND SUSANO CASTILLO, JR. D/B/A B&C FINANCIAL PLANNING | § JUDICIAL DISTRICT COURT § § § § § § § § § |
| Defendants. | § WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COME RUFINA REYES DE YAÑEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JULIO ARTURO YAÑEZ, JULIO ARTURO YAÑEZ-REYES, MARIA ISABEL YAÑEZ-REYES and RICARDO YAÑEZ-REYES, plaintiffs, and file this their Original Petition complaining of OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA, AN AMERICAN GENERAL COMPANY ("Old Line"), HARRY BELTRAN ("Beltran") and SUSANO CASTILLO, JR. D/B/A B&C FINANCIAL PLANNING ("B&C"), defendants, and for cause of action show as follows:

### A. Discovery Control Plan

1. Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

1

## B. PARTIES AND VENUE

2.      Rufina Reyes de Yañez, Julio Arturo Yañez-Reyes, Maria Isabel Yañez-Reyes and Ricardo Yañez-Reyes are the beneficiaries of a life insurance policy issued by Defendant Old Line.  They reside in Laredo, Webb County, Texas.   Julio Arturo Yañez, deceased, was the owner of the life insurance policy.

3.      Defendant Old Line is a life insurance company incorporated in the State of Wisconsin, and licensed to do insurance business in the State of Texas.  Old line may be served with process by certified mail receipt return requested by serving its registered attorney for service, Mr. Dennis Monroe, at 12750 Merit Drive Suite 1424, Dallas, Texas 75251, pursuant to Ins. Code art. 1.36, § 4(a).

4.      Defendant B&C is a resident of Laredo, Webb County, Texas, and may be served with process at his principal place of business at 5918 McPherson, Suite 6, Laredo, Texas 78041, by private process service.

5.      Defendant Beltran is a resident of Laredo, Webb County, Texas, and may be served with process at his place of business at 5918 McPherson, Suite 6, Laredo, Texas 78041, by private process service.

6.      Venue is proper in Webb County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §§  15.002, 15.032, 15.035.  Venue is also proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.005.

## C. FACTS

7.      On or about January 25, 2000, Julio Arturo Yañez applied with Security Connecticut Insurance Company for a term life policy of insurance through his agent, Beltran, at the time an independent agent.  Term Life Policy No. 2398027M    for $500,000 was issued on March 27, 2000.

2

8.  Subsequently, Julio Arturo Yañez advised Beltran that he wanted to increase his policy limits to $1,000,000.00. Beltran, who at the time was working for B&C, recommended to Julio Arturo Yañez that he apply for a term life policy with Old Line. On or about June 2, 2000, Julio Arturo Yañez did so. The original application was for coverage in the amount of $500,000, and was executed by him on June 2, 2000.

9.  On or about June 15, 2000, Julio Arturo Yañez was submitted to a medical exam by an agent of Old Line, Mr. Dunn. On that same day, he answered questions relating to his medical condition. After testing was performed, Old Line agreed to insure Julio Arturo Yañez for $500,000.

10. Pursuant to recommendations made by his agent, however, Julio Arturo Yañez decided to consolidate the Security Connecticut policy with the Old Line policy. Old Line was advised of this request, and in turn it requested that Julio Arturo Yañez submit to further testing, mainly an additional blood pressure checks and EKG.

11. On July 25, 2000, Julio Arturo Yañez was admitted to Doctor's Hospital in Laredo, Texas with a diagnosis of "pulmonary edema." He remained in the hospital until July 29, 2000. He was discharged with diagnosis of obstructive lung defect in pulmonary function and hypertension (high blood pressure).

12. On or about August 17, 2000, Julio Arturo Yañez completed blood pressure rechecks performed by Old Line's agents, Mr. and Mrs. Dunn. At no time did Mr. or Mrs. Dunn ask Julio Arturo Yañez if his condition had changed since June 15, 2000, which is the day in which they first checked him.

13. Based on the results of these tests, Mr. Yañez's application for the $1,000,000.00 life policy was approved on September 5, 2000. This policy replaced the

3

Security Connecticut policy and consolidated the previously approved Old Line policy for $500,000. Given, however, that Julio Arturo Yañez was a high risk because he smoked and because he had problems with blood pressure, the policy premiums were classified a Class VI premiums. Class VI premiums are based on the insured qualifying for standard mortality risk. These Class VI premiums were higher than the combined premiums of the Security Connecticut policy and of the $500,000 policy that Old Line had previously agreed to issue.

14. On or about September 28, 2000, Beltran was asked by Old Line to forward only the front page of the application of insurance with changes pertaining to the amount of the policy (or $1,000,000.00), and with a notation that it was to replace the Security Connecticut policy. Beltran made the corresponding changes to the first page to reflect the increase in limits and information on the policy to be replaced. In addition, Beltran re-dated the application as if he had witnessed Julio Arturo Yañez execute the same on 9/28/00. Beltran then forwarded to Old Line only the first page of the application.

15. On October 13, 2000, Policy No. MM0112648 was issued by Old Line to Julio Arturo Yañez ("The Policy"). Attached as Exhibit "A" is a true and correct copy of this policy, which policy is incorporated herein for all purposes thereof.

16. Relying on the issuance of Policy No. MM0112648, Julio Arturo Yañez allowed the Security Connecticut policy to lapse.

17. Julio Arturo Yañez died on May 29, 2001, as a result of cardiac arrest.

18. A claim for policy proceeds made by the beneficiaries was denied. Old Line conducted an investigation and determined there was no coverage on the grounds

4

that when Julio Arturo Yañez was re-checked on August 17, 2000 by Mr. or Mrs. Dunn, he answered "no" to the question of whether he had ever "been treated for or had any known indication of elevated blood pressure." As an additional reason for denial, Old Line relied on the language contained in the application stating that "a contract of insurance shall take effect only if a policy is issued on the application and the first premium is paid in full during the lifetime of the proposed insured and while there is not change in the insurability and health of all such persons from that stated in this application."

## D. BENEFICIARIES' SUIT FOR POLICY BENEFITS AGAINST OLD LINE

19. The plaintiffs are the beneficiaries under the terms of The Policy, and as such are entitled to receive the benefits payable by Old Line as a result of the death of Julio Arturo Yañez.

20. At the time of the death of Julio Arturo Yañez, The Policy attached as Exhibit "A" was in full force and effect. All conditions precedent to Old Line's liability under The Policy have occurred or have been performed. Nonetheless, Old Line has refused and still refuses to pay plaintiffs the benefits due under The Policy.

21. The Policy became payable by its terms on May 29, 2001. Plaintiffs are entitled to recover $1,000,000.00.00, the benefits payable under The Policy, together with interest on this sum as provided by law.

22. Plaintiffs are also entitled to recover statutory penalties of 18 percent per year of the amount payable under the policy, because Old Line has not paid plaintiffs' claim even though more than 60 days has elapsed since Old Line received all required

5

and requested items, statements, and forms from plaintiffs. Plaintiffs rely on Tex. Ins. Code Art. 21.55 for recovery under this paragraph.

## E. PLAINTIFFS' CONTRACTUAL CLAIMS AGAINST OLD LINE

23. All conditions precedent to Old Line's liability under The Policy have occurred or have been performed. Nonetheless, Old Line has refused and still refuses to pay plaintiffs the benefits due under The Policy.

24. Old Line has not performed its contractual obligations. Specifically, it has failed to pay the benefits under The Policy as it agreed to do so. Accordingly, Old Line has breached its obligations under the contract of insurance.

25. Plaintiffs now sue Old Line for breach of contract and affirmatively plead that they seek monetary relief aggregating $1,000,000.00.00, excluding costs, prejudgment interest, and attorney fees.

## F. PLAINTIFFS' SUIT FOR DETRIMENTAL RELIANCE, FRAUDULENT INDUCEMENT, AND ESTOPPEL AGAINST OLD LINE

26. In the alternative, plaintiffs will show that in reliance on the defendant's promised performance under The Policy described above, Julio Arturo Yañez allowed the Security Connecticut policy to lapse. The opportunity for coverage under that policy was destroyed by the defendant's representation that Julio Arturo Yañez was insurable despite the insurability risks. Old Line's delay in informing Plaintiffs of the intention to rescind resulted in detrimental reliance to Julio Arturo Yañez, and subsequently to plaintiffs, making rescission of The Policy inequitable. Old Line's late rescission produced an injury and/or unjust consequences to Plaintiffs, to wit: the loss of coverage under the Security Connecticut policy, for which Plaintiffs now sue in the alternative.

6

27. Plaintiffs will show that on or about the time Julio Arturo Yañez requested that the Security Connecticut policy and the approved $500,000 policy Old Line agreed to issue, Old Line knew or should have known that Julio Arturo Yañez suffered from high blood pressure as evidenced by its agreement to issue a risk policy for tobacco rates and blood pressure. Accordingly, it would be unjust to enforce any provisions contained in The Policy that would allow Old Line to rescind its obligations under the same. Julio Arturo Yañez, and subsequently the Plaintiffs, reasonably and foreseeably relied on the promise of Old Line to provide insurance to their detriment, and injustice could only be avoided by enforcing The Policy.

28. In the alternative, Plaintiffs will show that Old Line fraudulently "induced" Julio Arturo Yañez to consolidate his policies into one life insurance policy without giving him sufficient information that would enable him to make an informed consent to the terms of The Policy. Old Line materially represented that Julio Arturo Yañez could consolidate his policies, at a higher premium, without foregoing coverage. Such material representation of fact was false, was either known to be false when made or was asserted without knowledge of the truth, and was intended to be acted on, and Julio Arturo Yañez relied on the same, and the representation caused injury to Plaintiffs.

29. In the alternative, Plaintiffs sue Old Line for detrimental reliance, fraudulent inducement, and estoppel and affirmatively plead that they seek monetary relief for their damages in an amount of at least $1,000,000.00, excluding costs, prejudgment interests, and attorney fees.

7

## G. BENEFICIARIES' SUIT FOR VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT AGAINST OLD LINE

30.    At the time of the transaction described above, defendants represented, among other things, that The Policy would provide benefits in the event that Julio Arturo Yañez died, that Julio Arturo Yañez was insurable even though he was a high risk, and that Julio Arturo Yañez could let the Security Connecticut policy lapse. The representations by the defendants were false, misleading, and deceptive. The foregoing representations violate Section 17.46(b) of the Deceptive Trade Practices--Consumer Protection Act in that they constitute representations that The Policy had characteristics, or benefits that it did not have. Julio Arturo Yañez relied on these representations to plaintiffs' detriment.

31.    The denial of coverage and the manner in which Old Line (directly and/or through its agent) handled the situation described above constitutes a violation of the Deceptive Trade Practices – Consumer Protection Act ("DTPA") and the Texas Insurance Code. Specifically, Old Line engaged in an unconscionable action or course of action. In addition, Old Line engaged in the following unfair methods of competition, unfair and deceptive acts or practices, and/or unfair settlement practices:

(1)    Making... or causing to be made...any... statement misrepresenting the terms of any policy issued or to be issued the benefits or advantages promised thereby...or making any misrepresentation to any policy holder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance; Art. 21.21 Tex. Ins. Code, Section 4(1);

(2)    Making, publishing, disseminating, circulating or placing before the public causing, directly or indirectly, to be made, published, disseminated, circulated placed before the public... in any... way... [a] statement containing any assertion, representation, or statement with respect to the business of insurance or with respect to any person in the conduct of his

8

insurance business, which is untrue, deceptive, or misleading; Art. 21.21 Tex. Ins. Code, Section 4(2);

(3)     With respect to a claim by an insured or beneficiary: (i) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;...[and[ (iv) failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; Art. 21.21 Tex. Ins. Code, Section 4(10);

(4)     Misrepresenting an insurance policy by: (a) making an untrue statement of material fact; (b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (c) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;...or (e) failing to disclose any matter required by law to be disclosed, including failure to make disclose in accordance with another provision of this code. Art. 21.21 Tex. Ins. Code, Section 4(11);

(5)     Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; Tex. Bus. & Comm. Code, Section 17.46(2);

(6)     Representing that...services have approval, characteristics,...uses, benefits, or quantities which they do not have; Tex. Bus. & Comm. Code, Section 17.46(5);

(7)     Representing that any agreement confers or involves rights, remedies, or obligations which it does not have or involve; Tex. Bus. & Comm. Code, Section 17.46(12);

(8)     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; Tex. Bus. & Comm. Code, Section 17.46(14);

(9)     Misrepresenting that The Policy would provide coverage and allowing Julio Arturo Yañez to let the Security Connecticut Policy lapse;

(10)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the plaintiffs' claim once the defendant's liability became reasonably clear;

9

(11) Refusing to pay the claim without first conducting a reasonable investigation of the matter.

(12) Delaying payment under The Policy issued on the basis that Julio Arturo Yañez answered "no" to a question that was not interposed to him on the day claimed by defendant (August 17, 2001).

(13) Failure to properly and thoroughly investigate the claim for benefits.

The failure to disclose information concerning services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; Tex. Bus. & Comm. Code, Section 17.46(23).

32. In the sale of The Policy, Old Line defendant engaged in an unconscionable action or course of action by issuing The Policy when it knew that it was a high risk policy, by allowing Julio Arturo Yañez to let the Security Connecticut Policy lapse, and by denying benefits under The Policy when it knew that Julio Arturo Yañez was a high risk. By such conduct, Old Line took advantage of the lack of knowledge, ability, experience or capacity of Julio Arturo Yañez, to plaintiffs' detriment, to a grossly unfair degree.

33. Old Line's conduct as described above was a producing cause of plaintiffs' economic damages. As a result, plaintiffs sustained damages in an amount equal to The Policy benefits of $1,000,000.00, excluding costs, prejudgment interest, and attorney fees.

34. The conduct of Old Line as described in this petition was committed knowingly. Defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which plaintiffs complain. As a direct result of defendant's knowing misconduct, plaintiffs suffered mental anguish. In

10

particular, plaintiffs suffered intense feelings of humiliation and belittlement, an abnormal sense of inferiority and accompanying panic attacks, and loss of sleep and appetite, all of which commenced on the date that plaintiffs learned of the defendant's knowing misconduct and all of which have continued through this date. Accordingly, defendant is liable to plaintiffs for mental anguish damages suffered by plaintiffs and additional damages of up to three times the amount of economic damages as permitted by the Deceptive Trade Practices--Consumer Protection Act.

35. The conduct of the defendant as described herein was committed intentionally. That is, defendant had actual awareness of the falsity, deception, or unfairness of the act or practice, coupled with the specific intent that Julio Arturo Yañez act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. As a result of defendant's intentional misconduct, plaintiffs suffered mental anguish. Accordingly, plaintiffs are entitled to damages for mental anguish suffered by plaintiffs and additional damages of up to three times plaintiffs' economic damages and damages for mental anguish as provided by the Deceptive Trade Practices--Consumer Protection Act.

36. Plaintiffs gave written notice to Old Line advising of plaintiffs' specific complaints and the amount of economic damages and damages for mental anguish, and expenses, including attorney's fees, reasonably incurred by plaintiffs in asserting the claim against defendant. A true and correct copy of the written notice is attached as Exhibit B and incorporated by reference the same as if fully copied and set forth at length.

11

## H. BENEFICIARIES' SUIT FOR VIOLATIONS OF THE TEXAS INSURANCE CODE AGAINST OLD LINE

37.    After having received notice of the plaintiffs' losses covered by The Policy, all as set out in the preceding paragraphs of this petition, Old Line engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Article 21.21, § 4(10) of the Texas Insurance Code [and Section 17.46(b) of the Texas Business and Commerce Code], including but not limited to the following:

(1)    Making... or causing to be made...any... statement misrepresenting the terms of any policy issued or to be issued the benefits or advantages promised thereby...or making any misrepresentation to any policy holder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance; Art. 21.21 Tex. Ins. Code, Section 4(1);

(2)    Making, publishing, disseminating, circulating or placing before the public causing, directly or indirectly, to be made, published, disseminated, circulated placed before the public... in any... way... [a] statement containing any assertion, representation, or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive, or misleading; Art. 21.21 Tex. Ins. Code, Section 4(2);

(3)    With respect to a claim by an insured or beneficiary: (i) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;...[and[ (iv) failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; Art. 21.21 Tex. Ins. Code, Section 4(10);

(4)    Misrepresenting an insurance policy by: (a) making an untrue statement of material fact; (b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (c) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;...or (e) failing to disclose any matter required by law to be disclosed, including failure to make disclose in accordance with another provision of this code. Art. 21.21 Tex. Ins. Code, Section 4(11);

12

(5)     Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; Tex. Bus. & Comm. Code, Section 17.46(2);

(6)     Representing that...services have approval, characteristics,...uses, benefits, or quantities which they do not have; Tex. Bus. & Comm. Code, Section 17.46(5);

(7)     Representing that any agreement confers or involves rights, remedies, or obligations which it does not have or involve; Tex. Bus. & Comm. Code, Section 17.46(12);

(8)     Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; Tex. Bus. & Comm. Code, Section 17.46(14);

(9)     Misrepresenting that The Policy would provide coverage and allowing Julio Arturo Yañez to let the Security Connecticut Policy lapse;

(10)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the plaintiffs' claim once the defendant's liability became reasonably clear;

(11)    Refusing to pay the claim without first conducting a reasonable investigation of the matter;

(12)    Failure to properly and thoroughly investigate the claim for benefits;

(13)    Delaying payment under The Policy issued on the basis that Julio Arturo Yañez answered "no" to a question that was not interposed to him on the day claimed by defendant (August 17, 2001).

38.     The plaintiffs will show that these acts and omissions on Old Lines' part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, the plaintiffs request that the trier of fact award the plaintiffs additional damages of up to three times the sum of actual damages suffered.

13

## I. PLAINTIFFS' SUIT FOR VIOLATION OF THE DUTY OF GOOD FAITH AND FAIR DEALING AGAINST OLD LINE

39. From and after the time the plaintiffs' claim was presented to Old Line, the defendant's liability to pay the claim in accordance with the terms of The Policy attached as Exhibit A was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of the plaintiffs' claim, the defendant refused to accept the claim and pay the plaintiffs as the policy required.

40. At that time, the defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the plaintiffs will show that the defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

41. Consequently, the defendant breached its duty to deal fairly and in good faith with the plaintiffs, who as beneficiaries under The Policy are entitled to the proceeds of the same. The defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the plaintiff as more specifically described below.

42. After the plaintiffs' claim was presented to the defendant, the defendant notified the plaintiffs that the policy was void and of no effect, the same as if it had never been issued, because Julio Arturo Yañez allegedly had misrepresented certain facts in applying for the coverage. However, the defendant knew or should have known that it had no basis in law or in fact upon which a reasonable insurer would have relied to

14

rescind the policy or assert a misrepresentation defense to its obligations. Consequently, the defendant's attempt to rescind the coverage and avoid payment of the plaintiffs' claim was a breach of its duty to deal fairly and in good faith with the plaintiffs and a proximate cause of the losses, expenses, and damages suffered by the plaintiffs as more specifically described below.

43. The breach of duty by the defendant was aggravated by the kind of malice or fraud and reckless disregard for which the law allows the imposition of exemplary damages. The defendant's conduct comprising the breach of duty was specifically intended to cause substantial injury to the plaintiffs and such conduct comprising the breach involved an extreme degree of risk of potential harm to the plaintiffs or others. Despite the defendant's being actually and subjectively aware of the risk involved, the defendant proceeded with conscious indifference to the rights, safety, and welfare of the plaintiffs and others.

44. The defendant's conduct comprising the breach of duty included the making of a material representation that was false and either known by the defendant to be false or made as a positive assertion with reckless disregard for the truth. The defendant intended that the representation would be relied upon by Julio Arturo Yañez, and later the plaintiffs and, in fact, these individuals did rely on the representation and suffered harm as a result. Plaintiffs, therefore, seek exemplary damages in an amount to be assessed by the trier of fact.

15

## J.  PLAINTIFFS' SUIT FOR NEGLIGENCE AGAINST OLD LINE

45.     Old Line engaged in various acts and/or omissions which constitute negligence and that were the direct and proximate cause of the injuries and damages sustained by plaintiffs.   These acts and/or omissions of negligence include:

1.    Failing to fully inform Julio Arturo Yañez of the particulars of the "insurability" provision under The Policy and the effects that a denial of coverage would have if the Security Connecticut policy lapsed;

2.    Encouraging Julio Arturo Yañez to consolidate the  Security Connecticut (for $500,000) and the Old Line promised coverage (for $500,000) when Julio Arturo Yañez was already "insurable" under those policies under the representation that he would be insurable under a consolidated policy as long as he had passed the medical exam;

3.    Failing to require that a complete application be filled when Julio Arturo Yañez decided to consolidate the Security Connecticut (for $500,000) and the Old Line promised coverage (for $500,000) into one policy.  Instead, it directed Beltran to change some of the information on the first page;

4.    Failing to deny coverage the first time that Julio Arturo Yañez failed the physical exam, and insisting on subsequent exams so that they could consolidate with their policy a life insurance policy that issued by another carrier.

46.     Plaintiffs sue for injuries proximately caused by Old Line's negligence. These damages include, but are not limited to, The Policy proceeds or the amount of the Security Connecticut Policy ($500,000) plus the promised coverage under the original application with Old Line ($500,000), mental pain and suffering, and prejudgment and post-judgment interest.   These damages exceed the minimum jurisdictional limits of this Court and are of at least $1,000,000.00, exclusive of interest.

### K.  PLAINTIFFS' SUIT FOR NEGLIGENCE AGAINST B&C AND BELTRAN

47.     Beltran was Julio Arturo Yañez's insurance agent.  As such he had the duty to advise Julio Arturo Yañez that he may lose coverage under the Security

16

Connecticut policy if he did not qualify for $1 million coverage under The Policy. Beltran failed to do so, and instead he encouraged Julio Arturo Yañez to consolidate the $1 million coverage in one policy.

48. As Julio Arturo Yañez' insurance agent, Beltran likewise had the duty to make sure that Julio Arturo Yañez understood that by requesting an increase in coverage from $500,000 to $1 million to Old Line, that the application submitted on June 2, 2000 had to be completely re-done. Beltran failed to do so, and instead used the same application, changing only some of the data contained in the first page.

49. Beltran knew that Julio Arturo Yañez had blood pressure problems and smoked cigarettes, yet he insisted on consolidating a policy already in effect (Security Connecticut policy) and a policy that had been approved (the $500,000 policy to be issued by Old Line) into a separate and distinct policy, assuring that he would be insurable despite the associated risks. Beltran, in an attempt to sell a policy with higher premiums, negligently breach a duty owed to Julio Arturo Yañez and such breach has resulted in damages to plaintiffs.

50. Beltran's acts and/or omissions as described above constitute negligence, and are a direct and proximate cause of Plaintiffs' damages for which Plaintiffs now sue. These damages include, but are not limited to, The Policy proceeds, mental pain and suffering, and prejudgment and post-judgment interest. These damages exceed the minimum jurisdictional limits of this Court and are of at least $1,000,000.00, exclusive of interest.

51. At the time of Beltran's negligent acts and/or omissions, he was employed by and/or was an agent of B&C, and was acting within the scope of his authority. The

17

conduct of Beltran described above constitutes the very acts and omissions of B&C under the doctrine of respondeat superior, vice-principal, or vicarious liability for which Plaintiffs now sue.

### L. JOINT AND SEVERAL LIABILITY

52. Defendants are jointly and severally liable for the damages that Plaintiffs have incurred as a result of the wrongful denial of The Policy benefits.

### M. ATTORNEY'S FEES AGAINST OLD LINE

53. Because of the conduct of the defendant, plaintiffs have been compelled to engage the services of an attorney to prosecute this action against the defendants. Plaintiffs are entitled to recover a reasonable sum for the necessary services of plaintiffs' attorneys in the preparation of trial of this action, including any appeals to the Court of Appeals or the Texas Supreme Court. Recovery of attorney's fees is sought under the Texas Deceptive Trade Practices Act, Chapter 38 of the Tex. Civ. Prac. & Rem. Code, and common law.

WHEREFORE, plaintiff requests that the defendants be cited to appear and answer, and that on final trial plaintiff have the following:

1. Joint and Several Judgment against Defendants for the sum of at least $1,000,000.00.00, which amount represents the benefits payable under the insurance policy made the basis of this suit.

2. Judgment against Old Line for damages allowed under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, which damages are within the jurisdictional limits of this Court.

18

3. The sum of 18 percent per annum on the amount of policy benefits, as a statutory penalty on account of the defendant's violation of Insurance Code Article 21.55.

4. Exemplary and Treble Damages against Old Line in an amount within the jurisdictional limits of this Court.

5. Reasonable and necessary attorney's fees against Old Line.

6. Prejudgment interest as provided by law.

7. Post-judgment interest as provided by law.

8. Costs of suit.

9. Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

**ALVAREZ & NOTZON, L.L.P.**
415 Shiloh Drive
Laredo, Texas 78045
(956) 717-8880
(956) 717-8877 (fax)

By: _____

**PATRICIA O. ALVAREZ**
Federal Bar No. 14473
State Bar No. 01128550
**ELISAMAR SOTO**
Federal Bar No. 27949
State Bar No. 24028002

19

# THE OLD LINE LIFE Insurance Company of America

707 North Eleventh Street • PO Box 401 • Milwaukee WI  53201-0401 • 888 653 5463

THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA, A STOCK COMPANY (REFERRED TO IN THIS POLICY AS WE/US/OUR) WILL PAY THE BENEFITS OF THIS POLICY SUBJECT TO ITS PROVISIONS. THIS PAGE AND THE PAGES THAT FOLLOW ARE PART OF THIS POLICY.

SIGNED AT OUR HOME OFFICE AT 707 NORTH ELEVENTH STREET, P.O. BOX 401, MILWAUKEE, WISCONSIN  53201 0401.

Secretary                              President & CEO

RIGHT TO RETURN POLICY

THE OWNER MAY RETURN THIS POLICY TO US AT THE ABOVE ADDRESS OR TO THE AGENT FROM WHOM IT WAS PURCHASED WITHIN 30 DAYS AFTER RECEIPT. THIS POLICY WILL THEN BE CANCELLED AS OF ITS DATE OF ISSUE AND ANY PREMIUM PAID WILL BE REFUNDED.

B-7133
91101000-1033-0195

NW



EXHIBIT

## TABLE OF CONTENTS



PAGE       TITLE OF PROVISION

| PAGE | TITLE OF PROVISION |
|---|---|
| 7 | ASSIGNMENT |
| 7 | BENEFICIARY |
| 7 | CHANGE OF OWNER OR BENEFICIARY |
| 7 | CLAIMS OF CREDITORS |
| 7 | CONTRACT |
| 7 | CORRESPONDENCE |
| 5 | DEFINITIONS |
| 6 | EXCHANGE OPTIONS |
| 5 | GRACE PERIOD |
| 3 | INCONTESTABILITY |
| 7 | MISSTATEMENT OF AGE OR SEX |
| 5 | NONPARTICIPATING |
| 7 | OWNER |
| 3 | PAYMENT OF PROCEEDS |
| 7 | POLICY SETTLEMENT |
| 2 | POLICY SPECIFICATIONS |
| 5 | PREMIUM PAYMENT |
| 5 | REINSTATEMENT |
| 5 | RENEWAL OPTION |
| 5 | RIGHT TO CHANGE PREMIUM |
| COVER | RIGHT TO RETURN POLICY |
| 2 | SCHEDULE OF BENEFITS AND PREMIUMS |
| 3. | SUICIDE |
| LAST | TABLE OF PREMIUMS |

SEE SUPPLEMENTAL BENEFIT PAGES FOR RIDERS, IF ANY

RENEWABLE LEVEL TERM LIFE POLICY -- INDETERMINATE PREMIUM
INSURANCE PAYABLE IN EVENT OF DEATH PRIOR TO EXPIRY DATE
PREMIUMS PAYABLE DURING TERM                   NO DIVIDENDS

80-RCT 79D          MMO112648          PAGE 1

## IMPORTANT INFORMATION ABOUT COVERAGE UNDER THE TEXAS LIFE, ACCIDENT, HEALTH AND HOSPITAL SERVICE INSURANCE GUARANTY ASSOCIATION

Note: The terms "policy" and "Policyholder" as used in this Notice shall be read to mean "certificate" and "Certificateholder" respectively, as applicable to persons insured under a group insurance plan.

Texas law establishes a system, administered by the Texas Life, Accident, Health and Hospital Service Insurance Guaranty Association (the "Association"), to protect policyholders if their life or health insurance company fails to or cannot meet its contractual obligations. Only the policyholders of insurance companies which are members of the Association are eligible for this protection. However, even if a company is a member of the Association, protection is limited and policyholders must meet certain guidelines to qualify. (The law is found in the *Texas Insurance Code*, Article 21.28-D.)

**BECAUSE OF STATUTORY LIMITATIONS ON POLICYHOLDER PROTECTION, IT IS POSSIBLE THAT THE ASSOCIATION MAY NOT COVER YOUR POLICY OR MAY NOT COVER YOUR POLICY IN FULL.**

### ELIGIBILITY FOR PROTECTION BY THE ASSOCIATION

When an insurance company which is a member of the Association is designated as impaired by the Texas Commissioner of Insurance, the Association provides coverage to policyholders who are:
- residents of Texas at the time that their insurance company is impaired
- residents of other states, ONLY if the following conditions are met:
  1) The policyholder has a policy with a company based in Texas;
  2) The company has never held a license in the policyholder's state of residence;
  3) The policyholder's state of residence has a similar guaranty association; and
  4) The policyholder is *not eligible* for coverage by the guaranty association of the policyholder's state of residence.

### LIMITS OF PROTECTION BY THE ASSOCIATION

*Accident, Accident and Health, or Health Insurance:*
- up to a total of $200,000 for one or more policies for each individual covered.

*Life Insurance:*
- net cash surrender value up to a total of $100,000 under one or more policies on any one life; or
- death benefits up to a total $300,000 under one or more policies on any one life.

*Individual Annuities:*
- net cash surrender amount up to a total of $100,000 under one or more policies owned by one contractholder.

*Group Annuities:*
- net cash surrender amount up to $100,000 in allocated benefits under one or more policies owned by one contractholder; or
- net cash surrender amount up to $5,000,000 in unallocated benefits under one contractholder regardless of the number of contracts.

**THE INSURANCE COMPANY AND ITS AGENTS ARE PROHIBITED BY LAW FROM USING THE EXISTENCE OF THE ASSOCIATION FOR THE PURPOSE OF SALES, SOLICITATION, OR INDUCEMENT TO PURCHASE ANY FORM OF INSURANCE.**

When you are selecting an insurance company, you should not rely on coverage by the Association.

Texas Life, Accident, Health and Hospital
  Service Insurance Guaranty Association
310 Congress, Suite 500
Austin, Texas 78701
800-982-6362

Texas Department of Insurance
P.O. Box 149104
Austin, Texas 78714-9104
800-252-3439

NP-1A TX

COPY

(THIS PAGE IS INTENTIONALLY LEFT BLANK.)



## NOTICE PAGE (Continued)

### IMPORTANT NOTICE

To obtain information or make a complaint:

You may call the Company's toll-free telephone number for information or to make a complaint at

**1-800-487-5433**

You may contact the Texas Department of Insurance to obtain information on companies, coverage, rights or complaints at

**1-800-252-3439**

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

### PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim, you should contact the agent or the Company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

### ATTACH THIS NOTICE TO YOUR POLICY/ CERTIFICATE:

This notice is for information only and does not become a part or condition of the attached document.

### AVISO IMPORTANTE

Para obtener informacion o para someter una queja:

Usted puede llamar al numero de telefono gratis de la Compania para informacion o para someter una queja al:

**1-800-487-5433**

Puede comunicarse con el Departamento de Seguros de Texas para obtener informacion acerca de companias, coberturas, derechos o quejas al

**1-800-252-3439**

Puede excribir al Departamento de Seguros de Texas:

P.O. Box 149104
Austin, TX 78714-9104
FAX # (512) 475-1771

### DISPUTAS SOBRE PRIMAS O RECLAMOS:

Si tiene una disputa concerniente a su prima o a un reclamo, debe comunicarse con el agente o la Compania primero. Si no se resuelve la disputa, puede entonces comunicarse con el departamento (TDI).

### UNA ESTE AVISO A SU POLIZA/CERTIFICADO:

Este aviso es solo para proposito de informacion y no se convierte en parte o condicion del documento adjunto.



NP-1C TX

Page 1C

# NOTICE REGARDING REINSTATEMENT OF A LAPSED POLICY DUE
## TO THE MENTAL INCAPACITY OF THE INSURED

**KEEP THIS NOTICE WITH YOUR INSURANCE PAPERS IT MAY BE IMPORTANT TO YOU IN THE FUTURE**

### ELIGIBILITY

If your policy lapses, it may be eligible for reinstatement if all of the following conditions are met
1. The policy has been in force continuously for at least five years immediately prior to the date of lapse;
2. All premiums have been paid in a timely manner during this period;
3. The lapse results from an unintentional default in premium payments caused by the mental incapacity of the insured; and
4. We receive a request for reinstatement and proof of the insured's mental incapacity within one year from the date of the lapse.

### PROOF AND REQUEST

To establish proof of the insured's mental incapacity, we must be provided with a clinical diagnosis by a physician licensed in Texas and qualified to make the diagnosis. We will accept the proof and request for reinstatement from:
1. you;
2. the insured, if you are not the insured;
3. the legal guardian of the insured;
4. other legal representative of the insured; or
5. the legal representative of the estate of the insured.



### MENTAL INCAPACITY

Mental incapacity means lacking the ability, based on reasonable medical judgment, to understand and appreciate the nature and consequences of a decision regarding failure to pay a premium when due and the ability to reach an informed decision in the matter.

### REINSTATEMENT

We will reinstate an eligible policy within a period of one year after the date of lapse. We will require payment of all unpaid premiums, plus 6% interest, from the date of lapse to the date of reinstatement.
1. Your policy will be treated as if it has been in force continuously since the lapse;
2. The policy provisions will apply as if there had been no lapse; and
3. You will be required to make any and all future premium payments required by the policy provisions to keep the policy in force.

### REDUCED BENEFITS

We will pay the death benefit under an eligible policy if the insured dies within one year from the date of lapse, provided that the requirements for submitting proof of mental incapacity and request for reinstatement are met. We may reduce the death benefit by any unpaid premiums due, plus 6% interest from the date of lapse to the date of death.

### EXCEPTIONS

We are not required to reinstate the policy or pay the death benefit if the insured becomes mentally incapacitated after the grace period contained in the policy expires.

### DEFINITIONS

You and Your - The owner of the policy.

Lapse - The due date of the last premium that remains unpaid after the expiration of the grace period defined in the policy.

POLICY SPECIFICATIONS

INSURED          JULIO A YANEZ              MM0112648      POLICY NUMBER

FACE AMOUNT      $1,000,000                 10/13/2000     DATE OF ISSUE

PREMIUM CLASS    TOBACCO                    56             AGE AT ISSUE
                 STANDARD

RECEIVED JUN 7 - 2001 CLAIMS

COPY

SCHEDULE OF BENEFITS AND PREMIUMS

                                              ANNUAL                   YEARS
BENEFITS                    BENEFIT AMOUNTS   PREMIUMS                PAYABLE
LIFE INSURANCE                  $1,000,000   $13,530.00              15 YEARS*
INITIAL EXPIRY DATE    10/13/2015

SUBSEQUENT EXPIRY DATES WILL OCCUR AT THE END OF EACH ONE YEAR RENEWABLE
TERM PERIOD.  THE FINAL EXPIRY DATE IS 10/13/2039.

TOTAL FIRST YEAR ANNUAL PREMIUM              $13,530.00

PREMIUMS OTHER THAN ANNUAL ARE A PERCENTAGE OF THE ANNUAL PREMIUM.
PREMIUMS ARE PAYABLE AT 01 MONTH INTERVALS FROM 10/13/2000.   THE FIRST
INTERVAL PREMIUM IS $1,183.88.

* RENEWAL PREMIUMS ARE SHOWN ON THE LAST PAGE.  ON THE  TENTH POLICY
ANNIVERSARY AND ANY LATER POLICY ANNIVERSARY WE HAVE A LIMITED RIGHT
TO CHANGE THE PREMIUM.  SEE THE RIGHT TO CHANGE PREMIUM PROVISION.

THIS POLICY MAY BE EXCHANGED FOR A NEW POLICY.  SEE THE EXCHANGE OPTIONS
PROVISION.  OPTION 1 IS AVAILABLE UNTIL THE THIRTEENTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 65 OR LESS ON THE DATE OF EXCHANGE.  THE
DATE OF EXCHANGE UNDER OPTION 2 IS THE FIFTEENTH POLICY ANNIVERSARY,
PROVIDED THE INSURED IS AGE 65 OR LESS.

PAYMENT OF PROCEEDS

THE FACE AMOUNT WILL BE PAID TO THE BENEFICIARY IMMEDIATELY UPON RECEIPT
OF DUE PROOF OF THE DEATH OF THE INSURED IF DEATH OCCURS PRIOR TO THE
EXPIRY DATE. IF DEATH OCCURS IN THE GRACE PERIOD OF AN UNPAID PREMIUM
AN AMOUNT EQUAL TO THE PREMIUM FOR ONE MONTH WILL BE DEDUCTED FROM THE
PROCEEDS.

SUICIDE EXCLUSION

IN THE EVENT OF THE SUICIDE OF THE INSURED, WHILE SANE OR INSANE,
WITHIN 2 YEARS FROM THE DATE OF ISSUE, OUR LIABILITY WILL BE LIMITED
TO THE PREMIUMS PAID.

INCONTESTABILITY

WE WILL NOT CONTEST THIS POLICY AFTER IT HAS BEEN IN FORCE DURING THE
LIFETIME OF THE INSURED FOR TWO YEARS FROM THE DATE OF ISSUE. WE WILL
NOT CONTEST ANY REINSTATEMENT AFTER THE REINSTATEMENT HAS BEEN IN FORCE
DURING THE LIFETIME OF THE INSURED FOR TWO YEARS. IF WE DO CONTEST A
REINSTATEMENT, WE WILL CONTEST ONLY STATEMENTS MADE IN THE REINSTATEMENT
APPLICATION.



(THIS PAGE IS INTENTIONALLY LEFT BLANK.)

## DEFINITIONS

- **Age** means age last birthday at the beginning of a policy year.

**Policy months, years and anniversaries.** The first policy year begins on the date of issue. Policy months, years and anniversaries will be measured from that date.

## PREMIUM PAYMENT

The first premium is due on or before delivery of this policy. Later premiums are due and payable at the intervals and for the period shown on page 2, while the insured is alive. With our consent, premiums may be paid at other intervals.

Premiums after the first are payable at our home office or to an authorized agent in exchange for a receipt signed by one of our officers.

Any premium, after the first, not paid on or before its due date will be in default. Such due date will be the date of default.

## GRACE PERIOD

A 31 day grace period, without interest charge, is allowed for the payment of each premium after the first. This policy will stay in force during this period. If the premium is not paid by the end of this period, insurance will cease.

## REINSTATEMENT

This policy may be reinstated within five years of the date of default subject to receipt of evidence of insurability satisfactory to us.

Reinstatement will also be subject to (1) payment of the premium for the grace period with interest at the rate of 6% per year compounded annually plus the premium due for the current policy month, if this policy has a renewable term period of one year, or (2) payment of all overdue premiums with interest at the rate of 6% per year compounded annually, if this policy has a renewable term period other than one year.

## NONPARTICIPATING

This policy does not pay dividends.

## RENEWAL OPTION

This policy may be renewed without evidence of insurability on each expiry date for a further term period. Renewal premiums are shown on the last page.

The first premium for a new term will be due at the end of the previous term. This policy will renew if this premium is paid within the grace period. Premiums for the new term will be due and payable at the intervals shown on page 2.

No term period will extend beyond the final expiry date shown on page 2.

## RIGHT TO CHANGE PREMIUM

We reserve the right to change the premium for this policy on the policy anniversary specified on page 2 and on any later policy anniversary, subject to the following terms:

1. The premium will not exceed the applicable maximum premium shown on the last page.

2. Any change in premium will be made on a uniform basis for all insureds with the same benefits and provisions who have the same age at issue, date of issue, sex and premium class. No change in premium will occur due to any change in the insured's health or occupation.

3. Any change in premium will take effect only after 30 days' prior notice to the owner of this policy.

4. Any change in premium will be determined prospectively. We will not distribute past gains or recoup prior losses, if any, by changing the premium.

This provision does not apply to any rider attached to this policy.

## EXCHANGE OPTIONS

### Option 1

* This policy may be exchanged for a new level premium life or endowment policy with a level face amount. If no premium is in default and the insured does not qualify for disability benefits under this policy, written application may be made at any time this option is available, as specified on page 2.

The new policy will be issued as of the date of exchange based on the insured's age on that date and the premium rate then in use.

The new policy must comply with our then current rules for amount, age and premium class. The face amount may not exceed the amount of insurance under this policy on the date of exchange. The premium class will be the same as this policy.

The suicide and contestable periods of the new policy will be reduced by the elapsed portion of these periods under this policy.

The new policy will be issued with a disability rider and/or accidental death rider if these riders are in force under this policy at the date of exchange and are available at the insured's age on such date. Any rider not in force may be included in the new policy only with our consent.

### Option 2

This option is available only on the date of exchange specified on page 2. We agree to exchange this policy for a new renewable level term policy on the life of the insured. Evidence of insurability satisfactory to us will be required of the insured. Such evidence will be paid for by us and will be based on our then current underwriting rules.

This exchange will be subject to the following terms:

1. A properly completed application must be submitted to us within 60 days prior to the date of exchange, along with payment of the first premium for the new policy.

2. This policy must be in full force and all premiums due prior to the date of exchange must be paid. Insurance under this policy will cease when this policy is exchanged.

3. The age at issue for the new policy will be the age of the insured on the date of exchange.

4. The new policy will be on the same plan of insurance as this policy. Alternatively, the owner may elect any other plan with a shorter renewable term period then being issued on this policy form. The date of issue of the new policy will be the date of exchange. The face amount of the new policy may not exceed the face amount of this policy and must meet or exceed the minimum then in effect for the plan elected.

5. Any benefits or riders in force under this policy on the date of exchange will be included in the new policy and will be subject to our then current rules and rates.

6. The new policy will not have a suicide provision.

7. The contestable period of the new policy will start on the date of exchange, with respect to the evidence of insurability used to qualify the insured for the new policy. However, we may contest only the difference between the face amount of the new policy and the face amount that the premium for the new policy, excluding the premium for any riders, would have purchased on the date of exchange had this policy remained in force.

8. The premium rates for the new policy will be our then current rates applicable to a new purchase of the plan elected.

## OWNER

The owner is as shown in the application unless changed. The owner has all rights under this policy while the insured is alive. These rights are subject to the consent of any living irrevocable beneficiary.

## BENEFICIARY

The beneficiary is as shown in the application unless changed. If no beneficiary survives the insured, the owner or the estate of the owner will be the beneficiary. However, if a trust is the owner and no beneficiary survives the insured, the estate of the insured will be the beneficiary.

## CHANGE OF OWNER OR BENEFICIARY

While the insured is alive, the owner may change the beneficiary or ownership by written notice to us. When we record the change, it will take effect as of the date the owner signed the notice, subject to any payment we make or other action we take before recording.

## CORRESPONDENCE

Any request, notice or proof shall be filed with our home office.

## ASSIGNMENT

No assignment of this policy will bind us until filed with us in writing. It will not apply to any payment made before the assignment was filed. We will not be responsible for its validity.

All rights of the owner and any beneficiary are subject to the rights of any assignee on record with us.

## POLICY SETTLEMENT

If this policy has not been endorsed to show the payment options available under a settlement contract, policy proceeds may be paid under a settlement contract in accordance with our current company rules.

In any settlement we may require the return of this policy.

## THE CONTRACT

This policy, including any riders and endorsements, the original application and any supplemental applications are the entire contract.

All statements in an application are representations and not warranties. No statement will be used to void this policy or to deny a claim unless it appears in an application which is attached to and made part of this policy.

This policy may not be changed, nor any of our rights or requirements be waived, except in writing by one of our authorized officers.

## MISSTATEMENT OF AGE OR SEX

If the insured's age or sex has been misstated, any amount payable by us will be what the premiums paid would have bought at the correct age and sex.

## CLAIMS OF CREDITORS

All payments under this policy are exempt from the claims of creditors to the extent permitted by law. Payments may not be assigned or withdrawn without our consent before becoming payable.

# ENDORSEMENT

The Payment Options of the policy to which this endorsement is attached will be as follows:

## PAYMENT OPTIONS

The term "annuitant/insured" as used in the following paragraph means the person named in the Policy Specifications as annuitant or insured, as the case may be.

Proceeds of less than $5,000 will be paid in one lump sum. Proceeds of $5,000 or more may be paid under an option. When proceeds are placed under an option the payee will receive a settlement contract. The date of the contract will be the date the proceeds become payable. The owner may choose the option only while the annuitant/insured is living. After the death of the annuitant/insured, the beneficiary may choose the option if proceeds are payable in one sum. Payment options for death proceeds must be chosen within six months after the annuitant's/insured's death. Payment options for other proceeds must be chosen within two months of the date they are payable. All elections must be filed with us in writing. Payments may be requested at 1, 3, 6 or 12 month intervals. Each payment must be at least $50. Each payee must be a living person receiving payments in his own right.

The interest rate for options 1, 2 and 3 will be declared by us each year. This rate will never be less than 3% per year. For options 1 and 3 any interest in excess of 3% will be used to increase payment amounts; for option 2 any excess interest will be used to lengthen the payment period.

For options 4, 5, 6 and 7 the payments will be based on rates declared by us from time to time. These rates will be 3 1/2% less than the published rates in effect for immediate annuities on the date of the settlement contract. Payments under these rates will never be less than the amount according to the tables of minimum monthly income in this endorsement. The rates in the tables are derived from a projection of the 1983 Table "a", and an annual interest rate of 3.00%.

**Option 1. Interest.** We will hold the proceeds on deposit. Interest will be paid while the payee is living. Sums of $500 or more may be withdrawn up to four times a year.

**Option 2. Specified Income.** We will pay a stated income amount until the proceeds, with interest on the unpaid balance, are used up. The income each year may not be less than 10% of the proceeds.

**Option 3. Income for Specified Period.** We will pay an income for a stated period, up to 30 years.

**Option 4. Life Income with Guaranteed Period.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period may be 10, 15 or 20 years.

**Option 5. Life Income without Guaranteed Period.** We will pay an income for the payee's lifetime. Payments will end at the death of the payee. However, if the payee dies within one year of the date of the settlement contract, payments will be continued to a contingent payee until 10 years from the date of the settlement contract.

**Option 6. Life Income with Installment Refund.** We will pay an income for a guaranteed period and for the rest of the payee's life. The guaranteed period is the period required for the sum of income payments to equal the proceeds applied.

**Option 7. Joint Life Income with 2/3 to Survivor.** We will pay an income while both payees are living. When one payee dies we will pay 2/3 of the income for the rest of the survivor's life. However, if one payee dies within one year from the date of the settlement contract, income will be paid to the survivor thereafter as if the survivor had chosen option 5 on the date of the settlement contract.

**Additional Option to Buy Single Premium Immediate Life Annuity at Reduced Rate.** If proceeds of at least $5,000 are applied under option 4, 5, 6 or 7, additional money may be used to buy a single premium immediate life annuity. The cost of this annuity will be 3 1/2% less than the then published rate. The monthly income from this annuity together with the monthly income from option 4, 5, 6 or 7 may not exceed 3 times the monthly income which could be bought solely by applying the policy proceeds. Written request must be made within 31 days from the date proceeds are payable.

(Continued on page 2)

## PAYMENT OPTIONS (Continued)



Payment Provisions. The first payment under options 2, 3, 4, 5, 6 or 7 will be due as of the date of the settlement contract. The first payment under option 1 will be due at the end of the first interest period. If any payments remain under an option at the death of the payee, or at the death of the surviving payee in regard to option 7, the amount stated below will be paid in one sum to the payee's executors or administrators, unless otherwise directed in the election of the option:

Option 1. Any amount left on deposit with accrued interest.

Option 2. The unpaid balance of proceeds with accrued interest.

Option 3. The commuted value, based on interest at 3% per year, of any future income payments for the stated guaranteed period.

Options 4, 5, 6 or 7. The commuted value of any future income payments for the stated guaranteed period, based on interest as follows:

1. if payments are made according to the tables of minimum monthly income in this endorsement, 3% per year; or

2. if payments are based on the published rates in effect for immediate annuities, the interest rate shown in the settlement contract.

Evidence of Age and Survival. We may require due proof of age and continued survival of a payee under options 4, 5, 6 or 7.

Special Agreements. Policy proceeds may be paid in any other manner agreed to by us.

THE OLD LINE LIFE Insurance Company of America

*Chairman of the Board*

PO379-2D

Page 2

# TABLE OF MINIMUM MONTHLY INCOME FOR FEMALE PAYEES
## UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

| OPTION 3 INCOME FOR SPECIFIED PERIOD | | AGE AT FIRST PAYMENT | OPTION 4 LIFE INCOME WITH GUARANTEED PERIOD | | | OPTION 5 LIFE INCOME WITHOUT GUARANTEED PERIOD | OPTION 6 LIFE INCOME WITH INSTALLMENT REFUND |
|---|---|---|---|---|---|---|---|
| Year | Income | | 10 Years | 15 Years | 20 Years | | |
| 1 | $84.47 | 5 and under | $2.72 | $2.72 | $2.72 | $2.72 | $2.79 |
| 2 | 42.86 | 6 | 2.73 | 2.73 | 2.73 | 2.73 | 2.79 |
| 3 | 28.99 | 7 | 2.74 | 2.74 | 2.74 | 2.74 | 2.79 |
| 4 | 22.06 | 8 | 2.75 | 2.75 | 2.75 | 2.75 | 2.79 |
| 5 | 17.91 | 9 | 2.76 | 2.76 | 2.76 | 2.76 | 2.78 |
| 6 | 15.14 | 10 | 2.77 | 2.77 | 2.77 | 2.77 | 2.79 |
| 7 | 13.16 | 11 | 2.78 | 2.78 | 2.78 | 2.78 | 2.79 |
| 8 | 11.68 | 12 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 |
| 9 | 10.53 | 13 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| 10 | 9.61 | 14 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| 11 | 8.86 | 15 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 |
| 12 | 8.24 | 16 | 2.83 | 2.83 | 2.83 | 2.83 | 2.83 |
| 13 | 7.71 | 17 | 2.85 | 2.85 | 2.84 | 2.85 | 2.84 |
| 14 | 7.26 | 18 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 |
| 15 | 6.87 | 19 | 2.87 | 2.87 | 2.87 | 2.87 | 2.87 |
| 16 | 6.53 | 20 | 2.89 | 2.89 | 2.89 | 2.89 | 2.88 |
| 17 | 6.23 | 21 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 |
| 18 | 5.96 | 22 | 2.92 | 2.92 | 2.92 | 2.92 | 2.91 |
| 19 | 5.73 | 23 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 |
| 20 | 5.51 | 24 | 2.95 | 2.95 | 2.95 | 2.95 | 2.95 |
| 21 | 5.32 | 25 | 2.97 | 2.97 | 2.96 | 2.97 | 2.96 |
| 22 | 5.15 | 26 | 2.98 | 2.98 | 2.98 | 2.98 | 2.98 |
| 23 | 4.99 | 27 | 3.00 | 3.00 | 3.00 | 3.00 | 3.00 |
| 24 | 4.84 | 28 | 3.02 | 3.02 | 3.02 | 3.02 | 3.02 |
| 25 | 4.71 | 29 | 3.04 | 3.04 | 3.04 | 3.04 | 3.04 |
| 26 | 4.59 | 30 | 3.06 | 3.06 | 3.06 | 3.06 | 3.06 |
| 27 | 4.48 | 31 | 3.09 | 3.08 | 3.08 | 3.09 | 3.08 |
| 28 | 4.37 | 32 | 3.11 | 3.11 | 3.11 | 3.11 | 3.10 |
| 29 | 4.27 | 33 | 3.13 | 3.13 | 3.13 | 3.13 | 3.13 |
| 30 | 4.18 | 34 | 3.16 | 3.16 | 3.15 | 3.16 | 3.15 |
| | | 35 | 3.18 | 3.18 | 3.18 | 3.18 | 3.18 |
| | | 36 | 3.21 | 3.21 | 3.21 | 3.21 | 3.20 |
| | | 37 | 3.24 | 3.24 | 3.24 | 3.24 | 3.23 |
| | | 38 | 3.27 | 3.27 | 3.27 | 3.27 | 3.26 |
| | | 39 | 3.30 | 3.30 | 3.30 | 3.30 | 3.29 |
| | | 40 | 3.34 | 3.33 | 3.33 | 3.34 | 3.32 |
| | | 41 | 3.37 | 3.37 | 3.36 | 3.37 | 3.35 |
| | | 42 | 3.41 | 3.40 | 3.40 | 3.41 | 3.39 |
| | | 43 | 3.44 | 3.44 | 3.43 | 3.45 | 3.42 |
| | | 44 | 3.49 | 3.48 | 3.47 | 3.49 | 3.46 |
| | | 45 | 3.53 | 3.52 | 3.51 | 3.53 | 3.50 |
| | | 46 | 3.57 | 3.57 | 3.55 | 3.58 | 3.54 |
| | | 47 | 3.62 | 3.61 | 3.60 | 3.62 | 3.58 |
| | | 48 | 3.67 | 3.66 | 3.64 | 3.67 | 3.63 |
| | | 49 | 3.72 | 3.71 | 3.69 | 3.73 | 3.68 |
| | | 50 | 3.78 | 3.76 | 3.74 | 3.78 | 3.73 |
| | | 51 | 3.83 | 3.82 | 3.79 | 3.84 | 3.78 |
| | | 52 | 3.90 | 3.88 | 3.85 | 3.90 | 3.83 |
| | | 53 | 3.96 | 3.94 | 3.90 | 3.97 | 3.89 |
| | | 54 | 4.03 | 4.00 | 3.96 | 4.04 | 3.95 |
| | | 55 | 4.10 | 4.07 | 4.02 | 4.12 | 4.02 |
| | | 56 | 4.17 | 4.14 | 4.09 | 4.19 | 4.08 |
| | | 57 | 4.25 | 4.22 | 4.15 | 4.28 | 4.15 |
| | | 58 | 4.34 | 4.29 | 4.22 | 4.36 | 4.23 |
| | | 59 | 4.42 | 4.37 | 4.29 | 4.46 | 4.30 |
| | | 60 | 4.52 | 4.46 | 4.36 | 4.56 | 4.39 |
| | | 61 | 4.62 | 4.55 | 4.44 | 4.66 | 4.47 |
| | | 62 | 4.72 | 4.64 | 4.51 | 4.78 | 4.56 |
| | | 63 | 4.84 | 4.74 | 4.59 | 4.90 | 4.66 |
| | | 64 | 4.95 | 4.84 | 4.66 | 5.03 | 4.76 |
| | | 65 | 5.08 | 4.95 | 4.74 | 5.17 | 4.87 |
| | | 66 | 5.21 | 5.06 | 4.81 | 5.31 | 4.98 |
| | | 67 | 5.35 | 5.17 | 4.89 | 5.47 | 5.10 |
| | | 68 | 5.50 | 5.28 | 4.96 | 5.65 | 5.23 |
| | | 69 | 5.66 | 5.40 | 5.03 | 5.83 | 5.35 |
| | | 70 | 5.82 | 5.52 | 5.09 | 6.03 | 5.51 |
| | | 71 | 6.00 | 5.64 | 5.15 | 6.25 | 5.66 |
| | | 72 | 6.18 | 5.75 | 5.21 | 6.49 | 5.82 |
| | | 73 | 6.37 | 5.87 | 5.26 | 6.74 | 5.99 |
| | | 74 | 6.56 | 5.98 | 5.30 | 7.02 | 6.17 |
| | | 75 | 6.76 | 6.09 | 5.34 | 7.33 | 6.37 |
| | | 76 | 6.97 | 6.19 | 5.38 | 7.65 | 6.57 |
| | | 77 | 7.17 | 6.29 | 5.41 | 8.01 | 6.78 |
| | | 78 | 7.39 | 6.38 | 5.43 | 8.40 | 7.02 |
| | | 79 | 7.59 | 6.46 | 5.46 | 8.82 | 7.26 |
| | | 80 | 7.79 | 6.53 | 5.47 | 9.28 | 7.52 |
| | | 81 and over | 7.99 | 6.59 | 5.49 | 9.78 | 7.79 |

MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

# TABLE OF MINIMUM MONTHLY INCOME FOR MALE PAYEES
## UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

| OPTION 3 INCOME FOR SPECIFIED PERIOD | | AGE AT FIRST PAYMENT | OPTION 4 LIFE INCOME WITH GUARANTEED PERIOD | | | OPTION 5 LIFE INCOME WITHOUT GUARANTEED PERIOD | OPTION 6 LIFE INCOME WITH INSTALLMENT REFUND |
|---|---|---|---|---|---|---|---|
| Year | Income | | 10 Years | 15 Years | 20 Years | | |
| 1 | $84.47 | 5 and under | $2.78 | $2.78 | $2.78 | $ 2.78 | $2.79 |
| 2 | 42.86 | 6 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 |
| 3 | 28.99 | 7 | 2.80 | 2.80 | 2.80 | 2.80 | 2.80 |
| 4 | 22.06 | 8 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 |
| 5 | 17.91 | 9 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 |
| 6 | 15.14 | 10 | 2.84 | 2.84 | 2.83 | 2.84 | 2.83 |
| 7 | 13.16 | 11 | 2.85 | 2.85 | 2.85 | 2.85 | 2.84 |
| 8 | 11.68 | 12 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 |
| 9 | 10.53 | 13 | 2.87 | 2.87 | 2.87 | 2.88 | 2.87 |
| 10 | 9.61 | 14 | 2.89 | 2.89 | 2.89 | 2.89 | 2.88 |
| 11 | 8.86 | 15 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 |
| 12 | 8.24 | 16 | 2.92 | 2.92 | 2.91 | 2.92 | 2.91 |
| 13 | 7.71 | 17 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 |
| 14 | 7.26 | 18 | 2.95 | 2.95 | 2.95 | 2.95 | 2.94 |
| 15 | 6.87 | 19 | 2.97 | 2.96 | 2.96 | 2.97 | 2.96 |
| 16 | 6.53 | 20 | 2.98 | 2.98 | 2.98 | 2.98 | 2.97 |
| 17 | 6.23 | 21 | 3.00 | 3.00 | 3.00 | 3.00 | 2.99 |
| 18 | 5.96 | 22 | 3.02 | 3.02 | 3.02 | 3.02 | 3.01 |
| 19 | 5.73 | 23 | 3.04 | 3.04 | 3.03 | 3.04 | 3.03 |
| 20 | 5.51 | 24 | 3.06 | 3.06 | 3.06 | 3.06 | 3.05 |
| 21 | 5.32 | 25 | 3.08 | 3.08 | 3.08 | 3.08 | 3.07 |
| 22 | 5.15 | 26 | 3.10 | 3.10 | 3.10 | 3.10 | 3.09 |
| 23 | 4.99 | 27 | 3.13 | 3.12 | 3.12 | 3.13 | 3.11 |
| 24 | 4.84 | 28 | 3.15 | 3.15 | 3.14 | 3.15 | 3.14 |
| 25 | 4.71 | 29 | 3.18 | 3.17 | 3.17 | 3.18 | 3.16 |
| 26 | 4.59 | 30 | 3.20 | 3.20 | 3.19 | 3.20 | 3.19 |
| 27 | 4.48 | 31 | 3.23 | 3.23 | 3.22 | 3.23 | 3.21 |
| 28 | 4.37 | 32 | 3.26 | 3.26 | 3.25 | 3.26 | 3.24 |
| 29 | 4.27 | 33 | 3.29 | 3.29 | 3.28 | 3.29 | 3.27 |
| 30 | 4.18 | 34 | 3.32 | 3.32 | 3.31 | 3.32 | 3.30 |
| | | 35 | 3.35 | 3.35 | 3.34 | 3.36 | 3.33 |
| | | 36 | 3.39 | 3.38 | 3.37 | 3.39 | 3.36 |
| | | 37 | 3.43 | 3.42 | 3.41 | 3.43 | 3.39 |
| | | 38 | 3.46 | 3.46 | 3.44 | 3.47 | 3.43 |
| | | 39 | 3.50 | 3.50 | 3.48 | 3.51 | 3.47 |
| | | 40 | 3.55 | 3.54 | 3.52 | 3.55 | 3.50 |
| | | 41 | 3.59 | 3.58 | 3.56 | 3.60 | 3.54 |
| | | 42 | 3.64 | 3.62 | 3.60 | 3.64 | 3.58 |
| | | 43 | 3.68 | 3.67 | 3.65 | 3.69 | 3.63 |
| | | 44 | 3.74 | 3.72 | 3.69 | 3.75 | 3.67 |
| | | 45 | 3.79 | 3.77 | 3.74 | 3.80 | 3.72 |
| | | 46 | 3.84 | 3.82 | 3.79 | 3.86 | 3.77 |
| | | 47 | 3.90 | 3.88 | 3.84 | 3.92 | 3.82 |
| | | 48 | 3.97 | 3.94 | 3.89 | 3.99 | 3.88 |
| | | 49 | 4.03 | 4.00 | 3.95 | 4.05 | 3.93 |
| | | 50 | 4.10 | 4.06 | 4.00 | 4.12 | 3.99 |
| | | 51 | 4.17 | 4.13 | 4.06 | 4.20 | 4.06 |
| | | 52 | 4.24 | 4.20 | 4.12 | 4.28 | 4.12 |
| | | 53 | 4.32 | 4.27 | 4.19 | 4.36 | 4.19 |
| | | 54 | 4.41 | 4.35 | 4.25 | 4.45 | 4.26 |
| | | 55 | 4.49 | 4.42 | 4.32 | 4.55 | 4.33 |
| | | 56 | 4.59 | 4.51 | 4.38 | 4.64 | 4.41 |
| | | 57 | 4.68 | 4.59 | 4.45 | 4.75 | 4.50 |
| | | 58 | 4.79 | 4.68 | 4.52 | 4.86 | 4.58 |
| | | 59 | 4.89 | 4.77 | 4.59 | 4.98 | 4.68 |
| | | 60 | 5.01 | 4.87 | 4.66 | 5.11 | 4.77 |
| | | 61 | 5.13 | 4.97 | 4.73 | 5.25 | 4.87 |
| | | 62 | 5.25 | 5.07 | 4.80 | 5.39 | 4.98 |
| | | 63 | 5.39 | 5.17 | 4.86 | 5.55 | 5.09 |
| | | 64 | 5.53 | 5.27 | 4.93 | 5.72 | 5.21 |
| | | 65 | 5.67 | 5.38 | 4.99 | 5.90 | 5.34 |
| | | 66 | 5.83 | 5.49 | 5.05 | 6.09 | 5.47 |
| | | 67 | 5.98 | 5.60 | 5.11 | 6.30 | 5.61 |
| | | 68 | 6.15 | 5.70 | 5.17 | 6.52 | 5.76 |
| | | 69 | 6.32 | 5.81 | 5.21 | 6.76 | 5.91 |
| | | 70 | 6.50 | 5.91 | 5.26 | 7.02 | 6.08 |
| | | 71 | 6.68 | 6.01 | 5.30 | 7.29 | 6.25 |
| | | 72 | 6.86 | 6.11 | 5.34 | 7.59 | 6.43 |
| | | 73 | 7.05 | 6.20 | 5.37 | 7.91 | 6.62 |
| | | 74 | 7.24 | 6.29 | 5.40 | 8.24 | 6.82 |
| | | 75 | 7.42 | 6.37 | 5.42 | 8.61 | 7.04 |
| | | 76 | 7.61 | 6.44 | 5.44 | 9.01 | 7.26 |
| | | 77 | 7.79 | 6.51 | 5.46 | 9.43 | 7.49 |
| | | 78 | 7.97 | 6.57 | 5.48 | 9.89 | 7.74 |
| | | 79 | 8.14 | 6.62 | 5.49 | 10.38 | 7.99 |
| | | 80 | 8.30 | 6.67 | 5.50 | 10.91 | 8.27 |
| | | 81 and over | 8.45 | 6.71 | 5.51 | 11.47 | 8.55 |

MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

# TABLE OF MINIMUM MONTHLY INCOME UNDER PAYMENT OPTIONS FOR EACH $1,000 OF PROCEEDS

## OPTION 7 — JOINT LIFE INCOME WITH TWO-THIRDS TO SURVIVOR

| Female | 40 | 45 | 50 | 55 | 60 | 65 | 70 | 75 | 80 |
|--------|------|------|------|------|------|------|------|------|------|
| **Male** | | | | | | | | | |
| 40 | $3.35 | $3.45 | $3.55 | $3.67 | $3.80 | $3.94 | $4.10 | $4.28 | $4.47 |
| 41 | 3.37 | 3.47 | 3.58 | 3.70 | 3.83 | 3.97 | 4.14 | 4.32 | 4.51 |
| 42 | 3.39 | 3.49 | 3.60 | 3.72 | 3.86 | 4.01 | 4.18 | 4.37 | 4.56 |
| 43 | 3.41 | 3.51 | 3.62 | 3.75 | 3.89 | 4.05 | 4.22 | 4.41 | 4.61 |
| 44 | 3.42 | 3.53 | 3.65 | 3.78 | 3.92 | 4.08 | 4.26 | 4.46 | 4.67 |
| 45 | 3.44 | 3.55 | 3.67 | 3.81 | 3.96 | 4.12 | 4.31 | 4.51 | 4.72 |
| 46 | 3.46 | 3.57 | 3.70 | 3.84 | 3.99 | 4.16 | 4.35 | 4.56 | 4.78 |
| 47 | 3.48 | 3.59 | 3.72 | 3.87 | 4.03 | 4.20 | 4.40 | 4.61 | 4.84 |
| 48 | 3.50 | 3.62 | 3.75 | 3.90 | 4.07 | 4.25 | 4.45 | 4.67 | 4.90 |
| 49 | 3.52 | 3.64 | 3.78 | 3.93 | 4.10 | 4.29 | 4.50 | 4.73 | 4.97 |
| 50 | 3.54 | 3.66 | 3.80 | 3.96 | 4.14 | 4.34 | 4.55 | 4.79 | 5.04 |
| 51 | 3.56 | 3.69 | 3.83 | 4.00 | 4.18 | 4.38 | 4.61 | 4.85 | 5.11 |
| 52 | 3.58 | 3.71 | 3.86 | 4.03 | 4.22 | 4.43 | 4.66 | 4.92 | 5.19 |
| 53 | 3.60 | 3.73 | 3.89 | 4.07 | 4.26 | 4.48 | 4.72 | 4.99 | 5.27 |
| 54 | 3.62 | 3.76 | 3.92 | 4.10 | 4.31 | 4.53 | 4.78 | 5.06 | 5.35 |
| 55 | 3.65 | 3.78 | 3.95 | 4.14 | 4.35 | 4.59 | 4.85 | 5.13 | 5.43 |
| 56 | 3.67 | 3.81 | 3.98 | 4.17 | 4.39 | 4.64 | 4.91 | 5.21 | 5.52 |
| 57 | 3.69 | 3.84 | 4.01 | 4.21 | 4.44 | 4.69 | 4.98 | 5.29 | 5.62 |
| 58 | 3.72 | 3.86 | 4.04 | 4.24 | 4.48 | 4.75 | 5.05 | 5.37 | 5.72 |
| 59 | 3.74 | 3.89 | 4.07 | 4.28 | 4.53 | 4.81 | 5.12 | 5.46 | 5.82 |
| 60 | 3.76 | 3.92 | 4.10 | 4.32 | 4.58 | 4.87 | 5.19 | 5.55 | 5.93 |
| 61 | 3.79 | 3.95 | 4.13 | 4.36 | 4.62 | 4.93 | 5.27 | 5.64 | 6.04 |
| 62 | 3.82 | 3.97 | 4.17 | 4.40 | 4.67 | 4.99 | 5.34 | 5.74 | 6.16 |
| 63 | 3.84 | 4.00 | 4.20 | 4.44 | 4.72 | 5.05 | 5.42 | 5.84 | 6.28 |
| 64 | 3.87 | 4.03 | 4.24 | 4.48 | 4.77 | 5.11 | 5.51 | 5.94 | 6.41 |
| 65 | 3.90 | 4.06 | 4.27 | 4.52 | 4.82 | 5.18 | 5.59 | 6.05 | 6.54 |
| 66 | 3.92 | 4.10 | 4.31 | 4.57 | 4.88 | 5.25 | 5.68 | 6.16 | 6.68 |
| 67 | 3.95 | 4.13 | 4.34 | 4.61 | 4.93 | 5.31 | 5.76 | 6.28 | 6.83 |
| 68 | 3.98 | 4.16 | 4.38 | 4.65 | 4.98 | 5.38 | 5.85 | 6.39 | 6.98 |
| 69 | 4.01 | 4.19 | 4.42 | 4.70 | 5.04 | 5.45 | 5.94 | 6.51 | 7.13 |
| 70 | 4.04 | 4.23 | 4.45 | 4.74 | 5.09 | 5.52 | 6.03 | 6.63 | 7.29 |
| 71 | 4.07 | 4.26 | 4.49 | 4.78 | 5.14 | 5.59 | 6.12 | 6.76 | 7.45 |
| 72 | 4.10 | 4.29 | 4.53 | 4.83 | 5.20 | 5.66 | 6.22 | 6.88 | 7.62 |
| 73 | 4.13 | 4.33 | 4.57 | 4.87 | 5.25 | 5.73 | 6.31 | 7.01 | 7.80 |
| 74 | 4.16 | 4.36 | 4.61 | 4.92 | 5.31 | 5.80 | 6.40 | 7.14 | 7.97 |
| 75 | 4.19 | 4.39 | 4.65 | 4.96 | 5.36 | 5.87 | 6.50 | 7.27 | 8.15 |
| 76 | 4.22 | 4.43 | 4.68 | 5.01 | 5.42 | 5.94 | 6.59 | 7.40 | 8.33 |
| 77 | 4.25 | 4.46 | 4.72 | 5.05 | 5.47 | 6.00 | 6.68 | 7.53 | 8.52 |
| 78 | 4.28 | 4.49 | 4.76 | 5.10 | 5.52 | 6.07 | 6.77 | 7.66 | 8.71 |
| 79 | 4.31 | 4.53 | 4.80 | 5.14 | 5.58 | 6.14 | 6.87 | 7.79 | 8.89 |
| 80 | 4.34 | 4.56 | 4.83 | 5.18 | 5.63 | 6.21 | 6.96 | 7.92 | 9.08 |

MINIMUM INCOME AMOUNTS FOR AGES NOT SHOWN AND MINIMUM INCOME AMOUNTS PAYABLE OTHER THAN MONTHLY WILL BE FURNISHED ON REQUEST.

## ENDORSEMENT

The policy to which this endorsement is attached is amended as follows:

The definition of age is replaced by the following:

Age means the insured's age nearest birthday at the beginning of a policy year.

THE OLD LINE LIFE Insurance Company
of America

Chairman of the Board

E-ANB 97D.1

TABLE OF PREMIUMS AT THE CURRENT AND MAXIMUM RATES FOR THE FACE AMOUNT
AND PREMIUM CLASS OF THIS POLICY.

WE MAY CHANGE THE CURRENT PREMIUM IN ACCORDANCE WITH THE RIGHT TO CHANGE
PREMIUM PROVISION.

| POLICY YEAR | CURRENT ANNUAL LIFE INSURANCE PREMIUM | MAXIMUM ANNUAL LIFE INSURANCE PREMIUM |
|---|---|---|
| 1- 10 | 13,530.00 | 13,530.00 |
| 11 | 13,530.00 | 105,480.00 |
| 12 | 13,530.00 | 112,070.00 |
| 13 | 13,530.00 | 118,650.00 |
| 14 | 13,530.00 | 125,960.00 |
| 15 | 13,530.00 | 134,910.00 |
| 16 | 112,090.00 | 146,210.00 |
| 17 | 121,610.00 | 158,910.00 |
| 18 | 132,030.00 | 174,510.00 |
| 19 | 142,690.00 | 194,070.00 |
| 20 | 153,630.00 | 218,340.00 |
| 21 | 164,110.00 | 248,060.00 |
| 22 | 174,390.00 | 284,210.00 |
| 23 | 184,830.00 | 328,290.00 |
| 24 | 196,090.00 | 381,780.00 |
| 25 | 208,970.00 | 446,660.00 |
| 26 | 222,600.00 | 524,600.00 |
| 27 | 236,690.00 | 610,190.00 |
| 28 | 252,870.00 | 701,870.00 |
| 29 | 272,270.00 | 786,330.00 |
| 30 | 296,140.00 | 841,890.00 |
| 31 | 324,340.00 | 869,640.00 |
| 32 | 354,860.00 | 884,570.00 |
| 33 | 389,750.00 | 896,580.00 |
| 34 | 427,880.00 | 906,320.00 |
| 35 | 431,650.00 | 914,310.00 |
| 36 | 434,770.00 | 920,910.00 |
| 37 | 437,380.00 | 926,450.00 |
| 38 | 439,650.00 | 931,250.00 |
| 39 | 441,680.00 | 935,550.00 |



RENEWABLE LEVEL TERM LIFE POLICY -- INDETERMINATE PREMIUM
INSURANCE PAYABLE IN EVENT OF DEATH PRIOR TO EXPIRY DATE
PREMIUMS PAYABLE DURING TERM                                    NO DIVIDENDS

LPT-2000 15 YEAR

LPT15

THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA
707 NORTH ELEVENTH STREET
MILWAUKEE,WISCONSIN 53201

BELTRAN, HARRY W
STE 6
5918 MCPHERSON RD

POLICY NO MM0112648

INSURED    JULIO A YANEZ

AGE    56

| POLICY YEAR | ANNUAL PREMIUM (CURRENT RATES) | ANNUAL PREMIUM (MAXIMUM RATES) (SHALL NOT EXCEED RATES SHOWN BELOW) | GUARANTEED DEATH PAYMENT BEGIN. OF YR. |
|---|---|---|---|
| 1 | 13530.00 | 13530.00 | 1000000 |
| 2 | 13530.00 | 13530.00 | 1000000 |
| 3 | 13530.00 | 13530.00 | 1000000 |
| 4 | 13530.00 | 13530.00 | 1000000 |
| 5 | 13530.00 | 13530.00 | 1000000 |
| 6 | 13530.00 | 13530.00 | 1000000 |
| 7 | 13530.00 | 13530.00 | 1000000 |
| 8 | 13530.00 | 13530.00 | 1000000 |
| 9 | 13530.00 | 13530.00 | 1000000 |
| 10 | 13530.00 | 13530.00 | 1000000 |
| 11 | 13530.00 | 105480.00 | 1000000 |
| 12 | 13530.00 | 112070.00 | 1000000 |
| 13 | 13530.00 | 118650.00 | 1000000 |
| 14 | 13530.00 | 125960.00 | 1000000 |
| 15 | 13530.00 | 134910.00 | 1000000 |
| 16 | 112090.00 | 146210.00 | 1000000 |
| 17 | 121610.00 | 158910.00 | 1000000 |
| 18 | 132030.00 | 174510.00 | 1000000 |
| 19 | 142690.00 | 194070.00 | 1000000 |
| 20 | 153630.00 | 218340.00 | 1000000 |
| AT AGE 62 | 13530.00 | 13530.00 | 1000000 |
| AT AGE 65 | 13530.00 | 13530.00 | 1000000 |

| COST INDEXES | LIFE INSUR. NET PAYMENT COST INDEX | | LIFE INSUR. SURRENDER COST INDEX | |
|---|---|---|---|---|
| | 10TH YR.* | 20TH YR.* | 10TH YR.* | 20TH YR.* |
| CURRENT RATES | 13.53 | 33.23 | 13.53 | 33.23 |
| MAXIMUM RATES | 13.53 | 63.22 | 13.53 | .00 |

THE CURRENT PREMIUMS ILLUSTRATED ASSUME ANNUAL RENEWABLE PREMIUMS AFTER THE LEVEL TERM PERIOD.

THE COLUMNS OF THIS REPRESENTATION DO NOT REFLECT THE FACT THAT, BECAUSE OF INTEREST, A DOLLAR IN THE FUTURE HAS LESS VALUE THAN A DOLLAR TODAY.

*AN EXPLANATION OF THE INTENDED USE OF THE LIFE INSURANCE COST INDEXES IS PROVIDED IN THE LIFE INSURANCE BUYERS GUIDE.

IMPORTANT NOTICE - DURING THE THIRTY DAY PERIOD FROM THE DATE OF DELIVERY OF THIS POLICY,   IT MAY BE SURRENDERED TO THE COMPANY FOR CANCELLATION AND A FULL REFUND OF ANY MONEY PAID.

10/47/00 09:40A
501837 001819

Application for life insurance to:

# THE OLD LINE LIFE Insurance Company of America
(referred to in this application as we/us/our)

**PART A**

COMPLETE FOR ALL POLICIES (Please Print) —Questions 1a through g apply to Proposed Insured

1.a. NAME   first: Julio   middle: Arturo   last: Yanez   ☒ Male   ☐ Female

b. ☐ Single  ☒ Married  ☐ Divorced  ☐ Widowed  ☐ Separated

c. DATE OF BIRTH (month day year) 12/20/44   d. AGE 55   e. BIRTHPLACE (state country) Toluca / Mexico

f. SOCIAL SECURITY OR TAX NO. 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

g. HOME TELEPHONE NO. 956-717-2871

2. SEND ALL MAIL TO OWNER AT ADDRESS IN  ☐ 3a  ☐ 3b  ☐ 9

3. a. RESIDENCE ADDRESS OF PROPOSED INSURED
No. & Street 909 Wellwood Dr.
City LAREDO  State TX  Zip 78045
How long at this address? 5 yrs.  Previous Addresses (5 Yrs.)

QUESTIONS 3b & c APPLY TO PROPOSED INSURED IF AGE 15 OR OVER.
TO OWNER OR PAYOR IF PROPOSED INSURED UNDER AGE 15.

b. BUSINESS ADDRESS with present employer _____ 4 _____ yrs.
Employer (Self-employed) Yukon Joy Treats
No. & Street 4800 McPherson Rd.
City LAREDO  State TX  Zip 78041
Nature of Business ICE CREAM MANUFACTURER

c. OCCUPATION (All, if more than one) ................................

Duties (Describe) ................................

4. HAS ANY PERSON PROPOSED FOR INSURANCE:                          Yes  No
   a. smoked cigarettes during the past 12 months?                  ☒  ☐
   b. smoked pipes or cigars during the past 12 months?             ☐  ☒
   c. used any other tobacco products during the past 12 months?    ☐  ☒

5. HAS ANY PERSON PROPOSED FOR INSURANCE:
   a. engaged, or intend to engage, in hang gliding, racing, scuba
      diving, sky diving?                                           ☐  ☒
   b. had driver's license restricted, revoked or suspended?
      If yes, give driver's ID#                                     ☐  ☒
   c. other life insurance applications pending?                    ☐  ☒
   d. ever had life or health insurance declined, modified or rated? ☐  ☒
   e. any intention of traveling or residing outside the U.S.?      ☐  ☒
   f. any intention of replacing or changing any life insurance or
      annuity policy in force in this or any other company?         ☒  ☐

If any of 5a through 5f are answered Yes, give names & full details in REMARKS

   g. taken within five years or intend to take flights other,
      than as fare-paying passenger on scheduled airlines?          ☐  ☒
      If Yes, complete Aviation Questionnaire.

6. a. PLAN  ☐ Non Par  ☐ Par
   LPT 15

   b. AMOUNT 1,000,000

   c. PREMIUMS PAYABLE  ☐ Annual  ☐ Semi-annual  ☐ Quarterly
      ☒ Pre-Auth. Chk.  ☐ GAP  ☐ List Bill  ☐

   d. For Universal Life only:
      ☐ Option 1  ☐ Option 2
      Planned Premium $ ................
      Additional Initial Premium $ ................

   e. AUTOMATIC PREMIUM LOAN, if available  ☒ Yes  ☐ No

   f. ADDITIONAL COVERAGES (Check if desired)
      ☐ WP or WMD               ☐
      ☐ ADB $                   ☐ GIO ................ Units
      ☐ Spouse Rider ...... Units  ☐ Child Rider ........ Units
      ☐ Term Rider Plan ........ $ ........ (Amt. or M.I.)
      ☐ Term Rider on Other Insured — use separate application

   g. IF PARTICIPATING, USE OF DIVIDENDS
      Purchase 1 Yr. Term, balance to:
      ☐ (1) Cash              ☐ (5) Deposit at Interest
      ☐ (2) Reduce Premium    ☐ (6) Reduce Premiums
      ☐ (3) Paid Up Additions ☐ (7) Purchase Paid Up Additions
      ☐ (4) Deposit at Interest  ☐ (8) Use All to Purchase 1 Yr. Term

7. LIFE INSURANCE IN FORCE ON PROPOSED INSURED

| Name of Company | Issue Year | Amount | ADB | Personal/Business |
|---|---|---|---|---|
| Security-Connecticut | 2000 | 500,000 | | Personal |

8. BENEFICIARY for benefits payable upon death of the proposed insured

| Full Name | Age | Relationship |
|---|---|---|
| Primary Rufina | 46 | Wife  400,000 |
| Julio Arturo, Maria Soledy y Ricardo/Children | | 200,000 |
| Contingent | | 200,000 |

Except as otherwise directed: (a) The proceeds are to be divided equally among all persons who are named as Primary Beneficiary and who survive the insured, but if none survive, equally among all persons who are named as Contingent Beneficiary and who survive the insured. (b) The right to change the beneficiary is reserved.

9. NAME OF OWNER if other than proposed insured        Relationship
   Address
   Social Security or Tax No.

10. SPECIAL POLICY DATE, IF DESIRED

11. AMOUNT PAID WITH THIS APPLICATION $ ................

12. REMARKS Will replace Life Insurance
    (Security - Connecticut)

AMENDMENTS AND CORRECTIONS (for Home Office use only)

This application consists of Part A and one or more Parts B. This application is not a contract of insurance. A contract of insurance shall take effect only if a policy is issued on this application and the first premium is paid in full (a) during the lifetime of all proposed insureds and (b) while there is no change in the insurability and health of all such persons from that stated in this application. However, if cash is paid when this application is signed, the terms of the Conditional Receipt shall apply. It is represented that all statements and answers in this application are true, full and complete; and bind all parties in interest under any policy applied for. Only an authorized officer of our Company can make, void, waive or change any of the conditions or provisions of any application, policy or receipt or accept risks or pass on insurability. Notice to or knowledge by an agent or medical examiner is not notice to or knowledge by us. Acceptance of any policy issued on this application shall mean acceptance of any change, correction, addition or amendment noted by us in the "Amendments and Corrections" Section. However, any such change shall require the written consent of the person or persons who sign this application. The Proposed Insured shall be the policy owner unless another owner is named above.

**DECLARATION**

I have carefully read the receipt. I understand and agree to its terms including the conditions under which a limited amount of insurance may take effect before policy delivery. I have received the MIB, Inc. and Fair Credit Reporting Act Notices.

Signed at City LAREDO  State TX

Date 09/28/00

Witness ................................

Signature of Proposed Insured X ................
Signature of Spouse
(Spouse Rider Only) ................
Signature of Owner
(if 9 answered) ................

SIGNATURE & TITLE OF OFFICER SIGNING FOR CORP. OR TRUSTEE

[LICENSED RESIDENT AGENT WHERE REQUIRED BY STATUTE OR REGULATION]
Form 4485-BB (Rev. 89)

Continuation of application for life insurance to:

# THE OLD LINE LIFE Insurance Company of America
(referred to in this application as we/us/our)

**PART B**

**1. PROPOSED INSURED** (Person Named on 1a Part A)
A. Height: 5 ft. 11 in.
B. Weight: 270 lbs.
C. Change in weight in past 12 months. (Give reason) lbs. Loss ___ Gain ___

**2. FULL NAME(S) OF ADDITIONAL INDIVIDUAL(S) PROPOSED FOR INSURANCE (PLEASE PRINT)**

| first / middle / last | DATE OF BIRTH month day year | Age | Sex | Place of Birth | Height ft. in. | Weight lbs. | Total Insurance in Force |
|---|---|---|---|---|---|---|---|
| a. SPOUSE OR PRIOR (if proposed for insurance) | | | | | | | |
| b. CHILDREN (if proposed for insurance and residing with Proposed Insured) | | | | | | | |

**3. Name and address of your personal physician (If none, so state)** Arturo Garza 7210 McPherson Rd. Loredo, TX 784

QUESTIONS 4-8 PERTAIN TO ALL PERSONS NAMED ABOVE AND ARE TO BE ANSWERED TO THE BEST OF THE APPLICANT'S KNOWLEDGE AND BELIEF

GIVE FULL DETAILS IF ANSWER TO QUESTION 4 IS NO OR 5, 6, 7, 8 IS YES
Name of Person | Defect, Dates, Doctors' Names & Addresses

| | Yes | No |
|---|---|---|
| 4. Are all persons proposed for insurance in good health? | ☑ | ☐ |
| 5. Has any person proposed for insurance any physical defect? | ☐ | ☑ |
| **6. HAS ANY PERSON PROPOSED FOR INSURANCE:** | | |
| a. received treatment or joined an organization for alcoholism or drug dependency or abuse been advised to discontinue the use of alcohol or drugs? | ☐ | ☑ |
| b. used cocaine, barbiturates, amphetamines or any other drug which might cause a dependency, other than as prescribed by a licensed physician? | ☐ | ☑ |
| c. ever been diagnosed as having Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC) by a member of the medical profession? | ☐ | ☑ |
| d. ever received medical treatment for Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC) from a member of the medical profession? | ☐ | ☑ |
| e. ever applied for or received disability benefits from any source? | ☐ | ☑ |
| **7. HAS ANY PERSON PROPOSED FOR INSURANCE EVER HAD:** | | |
| a. convulsions, epilepsy, paralysis, neuritis, sciatica, nervous breakdown, headache, dizziness, fainting spells, speech defect, nervous or mental disorder? | ☐ | ☑ |
| b. high blood pressure, chest pain, palpitation, heart attack, stroke, heart murmur, hemorrhage, rheumatic fever, disorder of heart or blood vessels? | ☐ | ☑ |
| c. persistent hoarseness or cough, shortness of breath, asthma, emphysema, tuberculosis, bronchitis, disorder of respiratory system? | ☐ | ☑ |
| d. recurrent indigestion, ulcer, colitis, diverticulitis, hernia, intestinal bleeding, appendicitis, disorder of stomach, liver, digestive or abdominal organs? | ☐ | ☑ |
| e. sugar, albumin, blood or pus in urine, kidney stone, diabetes, or disorder of kidneys, bladder, prostate, or genito-urinary organs? | ☐ | ☑ |
| f. arthritis, gout, disorder of muscles, bones, joints or back? | ☐ | ☑ |
| g. impairment of vision or hearing or disorder of eyes, ears, nose or throat? | ☐ | ☑ |
| h. tumor, cyst, cancer, hemorrhoids, venereal disease, anemia, disorder of blood, skin, thyroid or other glands? | ☐ | ☑ |
| i. treatment or observation in any hospital or institution? (past 5 years) | ☑ | ☐ |
| j. X-ray or electrocardiograms? (past 5 years) | ☑ | ☐ |
| k. treatment or consultations with any physicians or practitioners, other than as stated above? (past 5 years) | ☐ | ☑ |
| 8. Is any person proposed for insurance now pregnant? (If so, how many months?) | ☐ | ☑ |

Handwritten details: 7i, j. Julio — Removal of Apendix. Arturo Garza, 7210 McPherson Rd. Loredo, TX 78041, 08-30-98.

**COMPLETE IF PROPOSED INSURED UNDER AGE 15**
9. List life insurance in force on family (if none, so state)

| | Age | Amount | | Age | Amount |
|---|---|---|---|---|---|
| Father | | | Mother | | |
| Brothers | | | Sisters | | |

Owner (if other than parent) $

Signature of Proposed Insured
Witness
(LICENSED RESIDENT AGENT WHERE REQUIRED BY STATUTE OR REGULATION)
Form 4455-BB Rev. 8/95

**COMPLETE IF PROPOSED INSURED AGE 15 OR OVER & NOT SELF-SUPPORTING**
10. Parent's/Spouse's full name
11. Parent's/Spouse's occupation
12. How much insurance does Parent/Spouse carry?
13. Does Proposed Insured have an independent source of income? (state source)

Signature of Spouse (if required)
Signature of Owner (if required)

**PRODUCER'S REPORT**

Is policy intended to replace insurance or annuity in any company? ☑ Yes ☐ No If Yes, give full details and attach any other papers required by state law.
Are you related to any person proposed for insurance? ☐ Yes ☐ No If Yes, give details.
Estimate of Proposed Insured's Income: Salary $ 65,000   Other Income $ ___ Net Worth $ 360,000

Harry Beltran F0899
PRODUCER'S NAME FOR RECORD PURPOSES
IF MORE THAN ONE INDICATE % SPLIT    CODE NO.

AGENCY OR BRANCH OFFICE    CODE NO.

I hereby certify that I personally solicited and completed this application that I have no knowledge of anything that might affect the insurability of any person proposed for insurance which is not fully set forth herein.

SIGNATURE OF PRODUCER

FF. 04201000-1053-1195 (Page 2 of 5)
Supply Ordering Number: 04201000-1205-1196 (Page 2 of 5)

6/27/001:43P
501406000081

**THE OLD LINE LIFE** Insurance Company of America   POLICY # MM0112648

**B**   ANSWERS TO MEDICAL EXAMINER   MM0112648

forming Part B of Application when used in connection with new Life Insurance

Proposed Insured ... Julio     A.     Yanes ..... Birth Date ... 12 / 20 / 44
First Name    Middle Initial    Last Name    Month  Day  Year

| | Yes | No |
|---|---|---|
| 1. a. Name and address of your personal physician (if none, so state) Dr Arturo Garza 1700 E. Saunders Laredo Tx | | |
| b. Date and reason last consulted? See write 7 Below | | |
| c. What treatment was given or medication prescribed? | | |
| 2. Have you smoked cigarettes during the past 12 months? | ☑ | ☐ |
| Do you currently smoke pipes or cigars or use any other tobacco products? | ☐ | ☑ |
| 3. a. Have you received treatment or joined an organization for alcoholism or drug dependency or abuse; been advised to discontinue the use of alcohol or drugs? | ☐ | ☑ |
| b. Have you used cocaine, barbiturates, amphetamines or any other drug which might cause a dependency, other than as prescribed by a licensed physician? | ☐ | ☑ |
| 4. Have you ever had or been told you had or been treated for Acquired Immune Deficiency Syndrome (AIDS) or AIDS Related Complex (ARC)? | ☐ | ☑ |
| 5. Are you in good health? | ☑ | ☐ |
| 6. Do you have any physical defect? | ☐ | ☑ |
| 7. Have you ever been treated for or ever had any known indication of: | | |
| a. convulsions, epilepsy, paralysis, neuritis, sciatica, nervous breakdown, headache, dizziness, fainting spells, speech defect, nervous or mental disorder? | ☐ | ☑ |
| b. high blood pressure, chest pain, palpitation, heart attack, stroke, heart murmur, hemorrhage, rheumatic fever, disorder of heart or blood vessels? | ☐ | ☑ |
| c. persistent hoarseness or cough, shortness of breath, asthma, emphysema, tuberculosis, bronchitis, disorder of respiratory system? | ☐ | ☑ |
| d. recurrent indigestion, ulcer, colitis, diverticulitis, hernia, intestinal bleeding, appendicitis, disorder of stomach, liver, digestive or abdominal organs? | ☑ | ☐ |
| e. sugar, albumin, blood or pus in urine, kidney stone, diabetes, or disorder of kidneys, bladder, prostate, or genito-urinary organs? | ☐ | ☑ |
| f. arthritis, gout, disorder of muscles, bones, joints or spine? | ☐ | ☑ |
| g. impairment of vision or hearing or disorder of eyes, ears, nose or throat? | ☐ | ☑ |
| h. tumor, cyst, cancer, hemorrhoids, venereal disease, anemia, disorder of blood, skin, thyroid or other glands? | ☐ | ☑ |
| 8. Are you now under observation or taking treatment? | ☐ | ☑ |
| 9. Have you had any change in weight in the past year? | ☐ | ☑ |
| 10. Other than above, have you within the past 5 years: | | |
| a. Had any mental or physical disorder not listed above? | ☐ | ☑ |
| b. Had a checkup, consultation, illness, injury, surgery? | ☐ | ☑ |
| c. Been a patient in a hospital, clinic, sanatorium, or other medical facility? | ☐ | ☑ |
| d. Had electrocardiogram, X-ray, or other diagnostic test? | ☐ | ☑ |
| e. Been advised to have any diagnostic test, hospitalization, or surgery, which was not completed? | ☐ | ☑ |

| | Yes | No |
|---|---|---|
| 11. Have you ever been deferred, rejected or discharged from military service or discharged because of a physical or mental condition? | ☐ | ☑ |
| 12. Have you ever requested or received a pension, benefits, or payment because of an injury, sickness or disability? | ☐ | ☑ |
| 13. Family History: Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney disease, mental illness or suicide? | ☑ | ☐ |

| | Age if Living? | Cause of Death | Age at Death? |
|---|---|---|---|
| Father: | | Diabetes | 73 |
| Mother: | | Natural Causes | 86 |
| Brothers and Sisters No. Living | 6 | 46 - 60 | |
| No. Dead | | | |

14. Females only:
a. Have you ever had any disorder of menstruation, pregnancy or of the female organs or breasts?   n/a
b. Are you now pregnant? (If so, how many months?)

Give full details in REMARKS if Answer to Question 5 is No, or if answer to Questions 2-4 or 6-14 is Yes. Identify question number and circle applicable items; include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities.

REMARKS

(7) Peritonitis 1998    Tuberstine   Yoloys Hospital
(d) Dr. A. Garza   Mercy Hospital
1700 E. Saunders
Laredo, Texas

1990
(7d) Digestinal Bloating
duodenal perforation
Nuevo Mexico, East Hospital
3 days Hospital   Dr. Centro baseira
Tuloch Mexico

(2) Smokes - Cigarettes

(13) Father - Diabetes

I hereby declare that, to the best of my knowledge and belief, the information given above is correctly recorded, complete and true, and I agree that the Company, believing it to be true, shall rely and act upon it accordingly.

Date ... 06/15/2000 ......   Signature of Person Examined X _____
(or adult applicant if person examined is under 15)

Signed at City ... Laredo ... State ... Texas ...   Witnessed by ... _____ ... M.D.

Form 80P (Rev. 87)   The attached authorization should be dated and signed by the person examined.

AUTHORIZATION—A photo copy of this authorization shall be as valid as the original.

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person that has any records or knowledge of me or my health, to give The Old Line Life Insurance Company of America or its reinsurers any such information. This includes that information obtained in connection with the preparation or procurement of an investigative consumer report as defined under the Fair Credit Reporting Act(s) and referred to elsewhere in this application for insurance. To facilitate the rapid submission of such information, I authorize all said sources, except the Medical Information Bureau, to give such records or knowledge to any agency employed by The Old Line Life Insurance Company of America to collect and transmit such information. This authorization will be valid for 30 months from the date of this application.

Date ... 6/15/10 ......   X _____
Signature of Proposed Insured or Adult Applicant
if Proposed Insured is under age 15

**DO NOT DETACH — MAIL ENTIRE FORM DIRECTLY TO THE HOME OFFICE**

☐ Physician's Examination
☑ Paramedical Examination

N.B.—Fees for examinations are paid only through the Home Office. This stub must be completed by the Medical Examiner at the time of the examination and mailed to the Home Office with the examination at once so that fee may be properly credited.

Full Name of Proposed Insured ... JULIO A. YANES ...
Date of birth ... 12.20.44 ...
Name of Agent ... H. BELTRAN ...   Agency ...
Name of Examiner (Print) ... JAMES DUNN ...
Address of Examiner (Print) LAREDO, TEXAS
Date ...
(956) 724-1455

# ALVAREZ & NOTZON, L.L.P.
### ATTORNEYS AT LAW



PATRICIA O. ALVAREZ*
MARCEL C. NOTZON, III
ALBERT M. GUTIERREZ, III
ELISAMAR SOTO
JESUS GUILLEN

415 SHILOH DRIVE
LAREDO, TEXAS 78045
(956) 717-8880
(956) 717-8877 (FAX)
E-Mail: poa@netscorp.net
E-Mail: mcn@netscorp.net
http://www.alvarez-notzon.com

MARIO BORDINI
ERIN MCNIECE STRIMPLE**
111 SOLEDAD, SUITE 1775
SAN ANTONIO, TEXAS 78205
(210) 225-2299 and 225-2266 (FAX)

*Also Licensed in Florida
**Board Certified - Personal Injury Trial Law

November 1, 2001

**VIA FACSIMILE TRANSMISSION (214/654-6024)**
**AND CMRRR # 7000 1530 0001 0732 2168**

Ms. Patti Wadsworth
Claims Department
**OLD LINE LIFE INSURANCE COMPANY**
P.O. Box 5844
Dallas, Texas 75235

|        | Re:      |   |   |                |
|--------|----------|---|---|----------------|
|        | *Policy No.* | : | | *MM0112648*   |
|        | *Insured*    | : | | *Julio Yañez* |

Dear Ms. Wadsworth:

This firm represents Rufina Reyes de Yañez, Julio Arturo Yañez-Reyes, Ricardo Yañez-Reyes and Maria Isabel Yañez-Reyes (collectively referred to here as "Claimants"), with respect to the handling of the life insurance benefits and denial of benefits under Policy No. MM0112648 ("The Policy") issued by your company to Julio Yañez for $1 million death benefits. The Claimants are the named beneficiaries of The Policy proceeds.

On May 26, 2001, Julio Yañez passed away. At the time of his death, The Policy was in full force. Subsequent to Julio Yañez' death, a request was made for payment of the policy benefits. After your company superficially investigated the Claimants' entitlement to The Policy benefits[1], it denied the claim through a letter dated October 5, 2001 authored by you. The basis of the denial was twofold: (1) that Julio Yañez allegedly advised a medical examiner hired by your company that he had not been

---

[1] On June 6, 2001, your company sent an investigator to interview my clients. The interview was conducted in English, despite the fact that the investigator was advised that their command of the English language was poor.

**EXHIBIT**
**B**

treated for blood pressure prior to August 17, 2001; and (2) that the his health changed before the first premium was fully paid.

As you know, Julio Yañez was born and raised in Mexico and spoke little English. Julio Yañez purchased The Policy in reliance that the same would provide coverage to his family in the event of his death. At the time that your company negotiated The Policy, Julio Yañez had another policy in effect. In reliance of your company's representations that he would be afforded coverage notwithstanding that he smoked and that he had a history of high blood pressure, Julio Yañez agreed to purchase a policy from your company, and forego coverage under the other life insurance policy in effect at the time.

The Policy premiums Julio Yañez paid your company were in an amount greater than the usual premiums given that Julio Yañez disclosed that he was a smoker and that he had high blood pressure. Your company agreed to underwrite the insurance knowing of these risks. Your denial is therefore unfounded, and I am assuming it is based on alleged misrepresentations on the part of Julio Yañez.

It is true that in Texas an insurer may deny a claim or cancel a policy on the basis of the insured's misrepresentation. However, the insurer must first prove five elements: (1) the making of the representation; (2) the falsity of the representation; (3) the insurer's reliance on the representation; (4) the insured's intent to deceive in making the representation; and (5) the materiality of the representation. *Mayes v. Massachusetts Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex.1980); *Darby v. Jefferson Life Ins. Co.*, 998 S.W.2d 622 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Republic-Vanguard Life Ins. Co. v. Walters*, 728 S.W.2d 415, 418 (Tex.App.—Houston [1st Dist.] 1987, no writ).

As stated above, Julio Yañez spoke little English. His understanding of this language was virtually null. In addition, the application for insurance that he signed was not filled out by him—in fact, the only writing in the application that is his is the signature. The Policy was never explained to him, and your company made no effort to send a representative to go over the terms and conditions that you now claim preclude coverage. Moreover, as stated above, at the time that the policy application was made, your company was advised that Julio Yañez was a smoker and that he had high blood pressure. Accordingly, the third element of the *Mayes* test set forth above (reliance by the insurer) is not met.

Under Texas law, reliance is established when the insurer does not know the representations are false. *See Koral Indus., Inc. v. Security- Connecticut Life Ins. Co.*, 788 S.W.2d 136, 146 (Tex.App.—Dallas), *writ denied per curiam*, 802 S.W.2d 650 (Tex.1990) (finding that actual knowledge of falsity defeats misrepresentation defense); *John Hancock Mut. Life Ins. Co. v. Brennan*, 324 S.W.2d 610, 614 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.) (finding no reliance when insurer's independent

investigation reveals false answers). On the other hand, if the insurer knows of the misrepresentations and, despite this knowledge, issues the policy, then the insurer cannot later deny the claim on the basis that misrepresentations were made on the application. *Darby*, 998 S.W.2d at 628. Under these circumstances, the insurer is found not to have relied on the representations of the insured. *Id.*

Intent to deceive, the fourth element of the *Mayes* test, may be established as a matter of law when the applicant warrants the representations to be true of there is collision with the insurance agent. *Darby*, 998 S.W.2d at 628; *Estate of Diggs v. Enterprise Life Ins. Co.*, 646 S.W.2d 573, 576 (Tex.App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.). Texas law requires that the insurer plead and prove that the insured made the misrepresentation "willfully with the intent to deceive or to induce the insurance company to issue the policy." *Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1486 (5th Cir.1992); *see also Bates v. Jackson Nat'l Life Ins. Co.*, 927 F. Supp. 1015, 1019-20 (S.D. Texas 1996); *Bundick v. National Life & Accident Ins. Co.* 509 F.Supp. 584, 585 (W.D.Tex.1980), *aff'd*, 636 F.2d 311 (5th Cir.1981).

The fifth element, a material misrepresentation in an insurance application, does not defeat recovery if the misrepresentation was made innocently and in good faith. *Bates*, 927 F. Supp. At 1019-20; *Adams v. John Hancock Mut. Life Ins. Co.*, 797 F.Supp. 563, 566 (W.D.Tex.1992), aff'd, 49 F.3d 728 (5th Cir.1995); *see Bundick*, 509 F.Supp. at 585-86; *see Odom v. Insurance Co. of the State of Pa.*, 455 S.W.2d 195, 199 (Tex.1970). Intent to deceive, however, cannot be presumed from the existence of material misrepresentations alone. In *Washington v. Reliable Life Ins. Co.*, the Texas Supreme Court rejected the insurance company's reliance on the rule of *Odom* to establish the defense of misrepresentation as a matter of law. 581 S.W.2d 153, 160 (Tex.1979). The court found that compliance with *Odom* "does not automatically establish the defense of misrepresentations, for there is still outstanding the issue of intentional deception, upon which [the insurance company] had the burden of proof." *Id.* The court acknowledged that *Odom* denied recovery without requiring a finding of intent, but distinguished that aspect of the case, noting that *Odom* concerned violations of warranties rather than representations and that there was strong evidence of collusion. *Id.*

In *Flowers v. United Ins. Co. of Am.*, the court, likewise, held that an insured's mere knowledge of his or her health condition is insufficient to prove intent to deceive as a matter of law. 807 S.W.2d 783, 786 (Tex. App—Houston [14th dist.] 1991, no writ). The court found that the insurer's showing that the insured knew about his heart condition and made false statements concerning his health did not prove the insured's intent to deceive. *Id.* Similarly, in *Estate of Diggs*, the First Court of Appeals held that the fact that the insured misrepresented his health condition was insufficient to establish intent to deceive as a matter of law. 646 S.W.2d at 575-76. The court found that, absent a warranty or collusion, an intent to deceive could not be presumed when the insured, who had a long history of heart ailments, made false statements in his

application. *Id.* at 576. In a later decision, the same appellate court stated that "intent to deceive or induce the issuance of an insurance policy can never be proved as a matter of law to establish the defense of misrepresentation. Intentional deception must be pled and proved as a matter of fact." *Cartusciello v. Allied Life Ins. Co.* 661 S.W.2d 285, 288 (Tex. App.—Houston [1st Dist.] 1983, no writ).

In sum Ms. Wadsworth, your company issued a policy to Julio Yañez knowing of the risks involved. At no time did Mr. Yañez hide those facts to your company. At no time did Mr. Yañez failed to disclose the same, specially given that the application for insurance was not filled out by him (he did not speak enough English to understand its meaning). It is our position that you should have explained the terms of the policy to him in a language he understood and/or in a way that was understandable to him, and that your company took a risk knowing well that Mr. Yañez had had high blood pressure.

The denial of coverage and the manner in which your company (directly and/or through its agent) handled the situation described above constitutes a violation of the Deceptive Trade Practices – Consumer Protection Act ("DPTA") and the Texas Insurance Code. Specifically, your company has engaged in unconscionable action or course of action. In addition, your company has engaged in the following unfair methods of competition, unfair and deceptive acts or practices, and/or unfair settlement practices.

(1) Making... or causing to be made...any... statement misrepresenting the terms of any policy issued or to be issued the benefits or advantages promised thereby:..or making any misrepresentation to any policy holder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance; Art. 21.21 Tex. Ins. Code, Section 4(1);

(2) Making, publishing, disseminating, circulating or placing before the public causing, directly or indirectly, to be made, published, disseminated, circulated placed before the public... in any... way... [a] statement containing ay assertion, representation, or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive, or misleading; Art. 21.21 Tex. Ins. Code, Section 4(2);

(3) With respect to a claim by an insured or beneficiary: (i) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; and (ii) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;...[and[ (iv) failing to provide promptly to a policyholder a reasonable explanation of the basis in the

policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; Art. 21.21 Tex. Ins. Code, Section 4(10);

(4)    Misrepresenting an insurance policy by: (a) making an untrue statement of material fact; (b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (c) making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;...or (e) failing to disclose any matter required by law to be disclosed, including failure to make disclose in accordance with another provision of this code. Art. 21.21 Tex. Ins. Code, Section 4(11);

(5)    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; Tex. Bus. & Comm. Code, Section 17.46(2);

(6)    Representing that...services have approval, characteristics,...uses, benefits, or quantities which they do not have; Tex. Bus. & Comm. Code, Section 17.46(5);

(7)    Representing that any agreement confers or involves rights, remedies, or obligations which it does not have or involve; Tex. Bus. & Comm. Code, Section 17.46(12);

(8)    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; Tex. Bus. & Comm. Code, Section 17.46(14);

(9)    The failure to disclose information concerning...services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; Tex. Bus. & Comm. Code, Section 17.46(23).

As consequence of your acts and/or omissions, the Claimants are entitled to recover economic damages from your company. Moreover, it is Claimants' belief that you and your company acted knowingly and intentionally, as those terms are used in Section 17.50(b)(1) of the DTPA. As a consequence of you knowing and intentional acts and/or omissions, the Claimants are entitled to recover from you and your company actual damages for mental anguish, as well as additional damages. Therefore, the Claimant is entitled to recover from you total damages of at least $1,000,000.00, which represents The Policy benefits, plus mental anguish suffered as a result of the wrongful denial of benefits and, possibly, treble damages. At this juncture, however, Claimants

only wish to obtain what they believe is rightfully theirs. Accordingly, demand is hereby made for payment of The Policy benefits of $1 million.

In addition, the Claimants are entitled to recover reasonable and necessary attorney fees and costs incurred in prosecuting the claims against you and your company. To date, the Claimants have incurred attorney's fees and costs in the amount of $5,000.00, in investigating and preparing the claims against you and your company. In the event that these claims are not resolved without the necessity of filing and prosecuting a lawsuit against you, the Claimants will incur substantial additional attorney's fees and costs through the ultimate disposition of the lawsuit. Accordingly, demand is hereby made for payment of attorney's fees in the amount of $5,000.00. This demand for attorney's fees is being made under the DTPA and under Chapter 38 of the Texas Civil Practice & Remedies Code on the grounds that your company breached its contract with Julio Yañez.

This demand letter is sent to you and your company for the purpose of notifying you that the Claimants have a claim against you and that they wish, in good faith, attempt to resolve these claims. If this matter is not resolved within sixty (60) days, please be informed that the Claimants will pursue any legal right available to them against you and your company.

I hope that we can resolve this issue amicably and without the necessity of asserting other causes of action, including bad faith and breach of contract, or incurring unnecessary litigation expenses. Please call me if you have any questions. I remain,

Very truly yours,

ALVAREZ & NOTZON, L.L.P.

Patricia O. Alvarez

POA:pat

cx:   Yañez Family
      904 Delwood
      Laredo, Texas 78045-2119

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**O F F I C I A L     U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To   PATTI WADSWORTH

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, May 2000          See Reverse for Instructions

7000 1530 0001 0732 2168

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   PATTI WADSWORTH

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X                                    ☐ Agent
                                     ☐ Address

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number (Copy from service label)
   7000 1530 0001 0732 2168

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-09

# EXHIBIT 2

*"Return"*

## CITATION 2002CVF000182 D1

### THE STATE OF TEXAS

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU".

TO: OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA, AN AMERICAN GENERAL COMPANY
12750 MERIT DRIVE STE 1424      ("OLD LINE") BY SERVING ITS REGISTERED
DALLAS, TX 75251      ATTORNEY FOR SERVICE, MR. DENNIS MONROE

Defendant(s), in the hereinafter styled and numbered cause:
You are hereby commanded to appear before the 49TH DISTRICT COURT of Webb County, Texas, to be held at the courthouse of said County in the City of Laredo, Webb County, Texas, by filing a written answer to the petition of plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause no.# 2002CVF000182 D1, styled:

Plaintiff(s), RUFINA REYES DE YANEZ, ET AL

VS.

Defendant(s), OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA, AN AMERICAN GENERAL COMPANY, ET AL
Said Plaintiff's Petition was filed in said court, by
PATRICIA O ALVAREZ
415 SHILOH DRIVE
LAREDO, TX and filed on 02/11/2002.

WITNESS MANUEL GUTIERREZ,
Clerk of the County and District Courts
Webb County, Texas.

Issued and given under my hand and seal of said Court at office, this 11 day of February, 2002.

CLERK OF COURT

MANUEL GUTIERREZ, DISTRICT CLERK
1110 VICTORIA, P.O. BOX 667
LAREDO, TEXAS 78042-0667

BY _____
DEPUTY

OFFICER'S RETURN

Came to hand on the _12th_ day of _Feb._ , _2002_ at _8:00_ o'clock _A_.M. Executed at _12750 Mait Dr.,_ within the County of By _Certified Mail Return Recan Request     Ste 1424_ at _____ o'clock _.M. on the _20th_ day of _Feb._ , 20_02_ by delivering to the within named _Patti Powell_ , each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and indorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total fee for serving this citation _$35.00_

To certify which witness my hand officially

_Marie L. Beam_ (Sheriff, (Constable

_Webb_ County, Texas

By_____Deputy.


THE STATE OF TEXAS }
COUNTY OF WEBB     }

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by h_____

_____ to _____on the _____ day of _____, ____.

SWORN TO AND SUBSCRIBED BEFORE ME on the ___ day of _____, ___. to certify which witness my hand and seal of office.


_____
TITLE

STATE OF TEXAS §

COUNTY OF WEBB §

BEFORE ME, the undersigned authority, on this day personally appeared

*Maria L. Beam*, who after being duly sworn, upon oath said that

a notice, of which the attached is a true and current copy of:

_Citation_

WAS SERVED AT: *12750 Merit Dr. Ste 1424, Dallas, Tx.*

*By Certified Mail*

TO: *Dennis Monroe*

A̶T̶ ___ o̶'̶c̶l̶o̶c̶k̶ ___ .m̶. on this the _20th_ day of

*Feb.* , 2001.

*Maria L. Becerra*

MARIA L. BECERRA
PRIVATE PROCESS SERVER
LAREDO, TEXAS 78043

SWORN TO AND SUBSCRIBE BEFORE ME on this the _26th_ day of

*Feb.* ,2001. To certify witness my hand and seal of office.

*A. Granjardo*

;LIC AND FOR THE

:AS

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)* / *Patti Newell* \| B. Date of Delivery / *2/20/02* <br> C. Signature <br> X *Patti Newell* — ☐ Agent ☐ Addressee |
| 1. Article Addressed to: <br> *Mr. Dennis Monroe* <br> *Registered Agent* <br> *Old Line Life Ins.* <br> *12750 Merit Dr. Ste 1424* <br> *Dallas, Texas 75251* | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☒ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |

2. Article Number (Copy from service label) *7003 1530 0001 4073 32 4927*

PS Form 3811, July 1999    Domestic Return Receipt    102595-99-M-1789

# EXHIBIT 3

CAUSE NO. 2002CVF000182 D1

| | | |
|---|---|---|
| RUFINA REYES DE YANEZ, ET AL. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | WEBB COUNTY, TEXAS |
| OLD LINE LIFE INSURANCE COMPANY | § | |
| OF NORTH AMERICA, AN AMERICAN | § | |
| GENERAL COMPANY, HARRY BELTRAN | § | |
| AND SUSANO CASTILLO, JR. D/B/A | § | |
| B&C FINANCIAL PLANNING, | § | |
| | § | |
| Defendants. | § | 49TH JUDICIAL DISTRICT |

## DEFENDANT OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA'S ORIGINAL ANSWER

Defendant Old Line Life Insurance Company of North America ("Old Line") files its

Original Answer as follows:

### General Denial

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Old Line asserts a general

denial to all claims and causes of action asserted by Plaintiffs, and demands strict proof thereof by

a preponderance of the evidence.

### Affirmative Defenses

2. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to perform all

conditions precedent under the terms of the policy at issue.

3. Plaintiffs' claims are barred, in whole or in part, because Julio Arturo Yanez's

application for life insurance contained fraudulent misrepresentations, as well as intentional failures

to disclose facts regarding his medical history and treatment by physicians.

4. Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Old Line's liability to Plaintiffs was not reasonably clear. Accordingly, Old Line had a reasonable basis for denying Plaintiffs' claim.

5. Plaintiffs' claims are barred, in whole or in part, because the policy sued upon by Plaintiffs was not in effect on the date of Plaintiffs' loss.

## Conclusion

Defendant Old Line Life Insurance Company of America requests that upon trial or other final hearing of this matter, Plaintiffs take nothing, that judgment be entered against Plaintiffs, and that the Court grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

BRACEWELL & PATTERSON, L.L.P.

By: _____

Thomas F.A. Hetherington
State Bar No. 24007359

Amy B. Boyea
State Bar No. 24026910

South Tower Pennzoil Place, L.L.P.
711 Louisiana St., Ste. 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Telecopy: (713) 221-1212

JONES & GONZALEZ, P.C.

By: _____

Mr. Adan A. Gonzalez
State Bar No. 08122350

-2-

5601 San Dario Avenue, Suite 5
Laredo, Texas 78041-3011
Telephone:    (956) 723-5575
Facsimile:    (956) 723-2025

ATTORNEYS FOR DEFENDANT, OLD LINE LIFE
INSURANCE COMPANY OF NORTH AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded on this 15th day of March, 2002 to the following:

Patricia O. Alvarez
Elisamar Soto
Alvarez & Notzon, L.L.P.
415 Shiloh Drive
Laredo, Texas 78045

Mr. Gary C. Crapster
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202

_____
Adan A. Gonzalez

-3-

# EXHIBIT 4

===================================================================================

```
CASE NUMBER . . . . : 2002CVF000182 D1
PLAINTIFF . . . . . : REYES DE YANEZ,RUFINA,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFFS ATTORNEY : ALVAREZ,PATRICIA,O,          PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 415 SHILOH DRIVE STE. A
                      LAREDO                       TX  78045

PLAINTIFF . . . . . : ESTATE OF JULIO ARTU,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : YANEZ-REYES,JULIO,ARTURO,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : YANEZ-REYES,MARIA,ISABEL,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

PLAINTIFF . . . . . : YANEZ-REYES,RICARDO,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . :

DRIVER LICENSE #  . :

   VS.

DEFENDANT NAME  . . : OLD LINE LIFE INSURA,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . : 12750 MERIT DRIVE STE 1424
                      DALLAS                       TX   75251
DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed      STATUS DATE . . . : 4/20/2005
CASE DISPOSITION  . : FinalJudgm    DISPOSITION DATE  : 4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,               PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                      TX   770022781
COURT APPOINTED . . : NO            ATTORNEY PRESENT  :

DEFENDANT NAME  . . : BELTRAN,HARRY,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
```

===================================================================================

```
CASE NUMBER . . . . : 2002CVF000182 D1
ADDRESS . . . . . . : 5918 MCPHERSON STE 6
                      LAREDO                          TX   78041
DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed      STATUS DATE . . . :  4/20/2005
CASE DISPOSITION  . : FinalJudgm    DISPOSITION DATE  :  4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,                 PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                        TX   770022781
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANT NAME   . . : CASTILLO,SUSANO,,JR
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 5918 MCPHERSON STE 6
                      LAREDO                          TX   78041
DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed      STATUS DATE . . . :  4/20/2005
CASE DISPOSITION  . : FinalJudgm    DISPOSITION DATE  :  4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,                 PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                        TX   770022781
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANT NAME   . . : D/B/A B&C FINANCIAL,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . :

DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed      STATUS DATE . . . :  4/20/2005
CASE DISPOSITION  . : FinalJudgm    DISPOSITION DATE  :  4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,                 PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                        TX   770022781
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANT NAME   . . : FORTIS INSURANCE COM,,,
S.S.# . . . . . . . : 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  D.O.B.  . . . . . :
ADDRESS . . . . . . : 901 MAIN STREET
                      DALLAS                          TX   75202
DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed      STATUS DATE . . . :  4/20/2005
CASE DISPOSITION  . : FinalJudgm    DISPOSITION DATE  :  4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,                 PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                        TX   770022781
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANTS ATTORNEY : MORENO,LARRY,,               PHONE NUMBER: 000-000-0(
```

===============================================================================

```
CASE NUMBER . . . . : 2002CVF000182 D1
ADDRESS . . . . . . : 1508 S MCCOLL
                      EDINBURG                    TX  78539
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANT NAME  . . : FORTIS INVESTORS INC,,,
S.S.# . . . . . . . : 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  D.O.B. . . . . . . :
ADDRESS . . . . . . : 500 BIELENBERG DR.
                      WOODBURY                    MN  55125
DRIVERS LICENSE # . :
CASE STATUS . . . . : Disposed    STATUS DATE . . . :  4/20/2005
CASE DISPOSITION  . : FinalJudgm  DISPOSITION DATE  :  4/20/2005

DEFENDANTS ATTORNEY : BOYEA,AMY,B,                PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 711 LOUISIANA ST STE 290
                      HOUSTON                     TX  770022781
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

DEFENDANTS ATTORNEY : MORENO,LARRY,,              PHONE NUMBER: 000-000-0(
ADDRESS . . . . . . : 1508 S MCCOLL
                      EDINBURG                    TX  78539
COURT APPOINTED . . : NO          ATTORNEY PRESENT  :

ENTRY/FILING DATE . :  2/11/2002

JUDGE . . . . . . . : M. Flores
HEARING TYPE  . . . :
ADMIN. TERM. CODE . :               IND. TERM. CODE . :

COMPLAINT . . . . . : *IMG* ACCOUNTS/CONTRACTS/NOTES(SUIT ON INSURANCE P
COMPLAINT DATE  . . :  2/11/2002   COMPLAINT AMOUNT  :
INTEREST DATE . . . :               INTEREST RATE . . :
REIMBURSE COSTS . . : NO
COUNTER CLAIM ORI#  :               COUNTER CLAIM CASE:
TRUSTEESHIP ORI#  . :               TRUSTEESHIP CASE  :
GARNISHMENT ORI#  . :               GARNISHMENT CASE  :
```

```
ACTIVITY DATE  ACTIVITY DESCRIPTION                          ACTIVITY T)
-------------  -----------------------------------------     -----------
 2/11/2002     Complaint                                     Complaint
        *IMG* ACCOUNTS/CONTRACTS/NOTES(SUIT ON INSURANCE POLICY)
               Jury Fee                                      Jury Fee
        JURY DEMAND PAID BY ATTY PATRICIA O. ALVAREZ.AG.
               Citation                                      Citation
        SIX CITATIONS ISSUED AND READY FOR PICK UP.AG.

 2/13/2002     Filing Papers                                 File Paprs
        RETURN OF CITATION EXECUTED AS TO HARRY BELTRAN DOS FEB. 12, 2002 (PF)
               Filing Papers                                 File Paprs
        RETURN OF CITATION EXECUTED AS TO SUSANO CASTILLO, JR. DOS FEB. 12,
        2002 (PF)
```

================================================================================
CASE NUMBER . . . . . : 2002CVF000182 D1

2/26/2002     Returns                              .          Returns
    RETURN OF CITATION AS TO: OLD LINE LIFE INSURANCE CO., OF AMERICA
    AN AMERICAN GENERAL COMPANY, DOS: BY US MAIL RETURN RECIEPT REQUESTED
    FEB. 20TH 2002. (CM)

3/15/2002     Answer                                         Answer
    *IMG* DEFENDANT OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA'S
    ORIGINAL ANSWER. (CM)

3/18/2002     Answer                                         Answer
    GENERAL DENIAL. (cm)
    GENERAL DENIAL. (HARRY BELTRAN.>)cm

3/22/2002     Answer                                         Answer
    ORIGINAL ANSWER OF DEFENDANT HARRY BELTRAN ADN SUSANO CASTILLO, JR.,
    DBA FINANCIAL PLANNING. (CM)

4/01/2002     Filing Papers                                  File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY ( REQUEST FOR DISCLOSURE TO
    DEFENDANTS.)CM

4/12/2002     Filing Papers                                  File Paprs
    NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF AMELIA DUNN WITH
    SUBPOENA DUCES TECUM. (CM)
    NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF JAMES DUNN WITH
    SUBPOENA DUCES TECUM. (CM)
    NOTICE OF FILING. (CM)

4/23/2002     Filing Papers                                  File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)

5/01/2002     Filing Papers                                  File Paprs
    NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF STEVE LOU JENSEN WITH
    SUBPOENA DUCES TECUM. (CM)

5/14/2002     Filing Papers                                  File Paprs
    1ST AMENDED NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF STEVE LOU
    JENSEN WITH SUBPOENA DUCES TECUM. (CM)

5/15/2002     Filing Papers                                  File Paprs    .
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)

5/17/2002     Filing Papers                                  File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)

6/03/2002     Filing Papers                                  File Paprs
    PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION (PF)
              Filing Papers                                  File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)
              Filing Papers                                  File Paprs

========================================================================

CASE NUMBER . . . . . : 2002CVF000182 D1
    CERTIFICATE OF WRITTEN DISCOVERY (PF)


 6/04/2002      Filing Papers                              File Paprs
    NOTICE OF FILING. (RULE 11 AGREEMENT)CM


 6/06/2002      Filing Papers                              File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)


 6/12/2002      Filing Papers                              File Paprs
    PLAINTIFF'S SPECIAL EXCEPTIONS TO OLD LIFE INSURANCE COMPANY'S
    ORIGINAL ANSWER; PLAINTIFF'S MOTION TO COMPEL HARRY BELTRAN TO RESPOND
    TO REQUEST FOR DISCLOSURE, WITH FIAT FOR SETTING AND ORDER. (CM)


 7/01/2002      Filing Papers                              File Paprs
    RULE 11 AGREEMENT (ATTY. AMY B. BOYEA)  (PF)
                Filing Papers                              File Paprs
    DEFENDANT OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA'S FIRST
    AMENDED ANSWER (PF)


 7/03/2002      Filing Papers                              File Paprs
    PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION (PF)


 7/09/2002      Filing Papers                              File Paprs
    NOTICE OF FILING (PF)


 7/10/2002      Filing Papers                              File Paprs
    RULE 11 AGREEMENT (ATTY. AMY B. BOYEA) (PF)
                Filing Papers                              File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)


 7/17/2002      Filing Papers                              File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)


 7/19/2002      Filing Papers                              File Paprs
    CERTIFICATE TO THE ORAL DEPOSITION OF JULIO ARTURO YANES-REYES
    MAY 23, 2002 (PF)


 7/22/2002      Filing Papers                              File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)


 7/24/2002      Filing Papers                              File Paprs
    CERTIFICATE TO THE ORAL DEPOSITION OF RICARDO YANEZ-REYES MAY 23,
    2002. (CM)
                Citation                                   Citation
    FOUR (4) CITATIONS ISSUED BY CERTIFIED MAIL (FORTIS INSURANCE CO. AND
    FORTIS INVESTORS INC.) (PF)


 7/25/2002      Filing Papers                              File Paprs
    NOTICE OF INTENTION TO TAKE ORAL AND VIDEO DEPOSITION OF JOHN O'NEILL
    GREEN. (CM)

========================================================================
CASE NUMBER . . . . . : 2002CVF000182 D1

8/01/2002      Returns                                      Returns
    RETURN RECIEPT REQUESTED AS TO: FORTIS INVESTORS, INC, BY
    SERVING: ERIN FENQEL, DOS: JULY 29TH 2002. (CM)
               Filing Papers                             File Paprs
    CERTIFICATE  TO THE ORAL DEPOSITION OF RUFINA REYES DE YANES MAY 22,02
    (DG)
               Filing Papers                             File Paprs
    CERTIFICATE TO THE DEPOSITION OF RUFINA REYES DE YANES 5/23/02  (DG)

8/02/2002      Returns                                      Returns
    RETURN RECIEPT REQUESTED AS TO: FORTIS INSURANCE CO., BY SEVING
    ANDREW G. JUBINSKSY, SIGNED BY CORY SCHULTZ, DOS: JULY 29TH 2002.(CM)

8/07/2002      Filing Papers                             File Paprs
    RETURN OF SUBPOENA, AS TO: JOHN O'NEILL GREEN, DOS: JULY 25TH 2002.
    (CM)

8/16/2002      Order                                         Order
    FIAT: PLTS. MOTION FOR DOCKET CONTROL CONFERENCE, SET FOR HEARING ON:
    SEPT 3RD 2002, AT 8AM., NOTICES OF SETTING FAXED TO ATTORNEYS
    GARY CRAPSTER, ADRIAN A. GONZALEZ, THOMAS F. A. HETHERINGTON AND
    AMY B. BOYEA. (CM)
               Court Case Assignment                     Case Assgn
    Court date/time: 9/03/2002  8:00:00
    Assignment of court date/time.
    Status entered as Open
               Hearing                                     Hearing
    Hearing Type entered as DockCtlCof
    Hearing Type code  115: DockCtlCof

8/19/2002      Filing Papers                             File Paprs
    DEFENDANT FORTIS INVESTORS, INC.'S ORIGINAL ANSWER; DEFENDANT
    FORTIS INSURANCE COMPANY'S ORIGINAL ANSWER.(CM)

8/21/2002      Filing Papers                             File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)

9/05/2002      Filing Papers                             File Paprs
    NOTICE OF FILING. (CM)

9/11/2002      Filing Papers                             File Paprs
    NOTICE OF CANCELLATION OF NOTICES OF INTENTION TO TAKE ORAL DEPOSITION
    OF NEIL HASTY AND PATTI WADSWORTH CURRENTLY SET FOR SEPT. 12, 2002,
    PLAINTIFFS' REQUEST FOR OLD LINE LIFE INSURANCE COMPANY OF AMERICA'S
    PRIVILEGE LOG. (CM)

9/12/2002      Filing Papers                             File Paprs
    REPORTER'S CERTIFICATION ORAL DEPOSITION OF HARRY BELTRAN, MAY 21ST
    2002 VOLUME 1. (CM)

9/17/2002      Filing Papers                             File Paprs

=================================================================================

CASE NUMBER . . . . . : 2002CVF000182 D1
PLAINTIFF'S MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY TO RESPON
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION
 AND REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS AND SECOND
SET OF REQUESTS FOR PRODUCTION AND FOR SANCTIONS AGAINST OLD LINE
AND/OR ITS ATTORNEYS. (CM)

9/19/2002      Filing Papers                              File Paprs
PLAINTIFFS' CERTIFICATE OF WRITTEN DISCOVERY; (PLAINTIFFS' SECOND
SET OF REQUESTS FOR ADMISSION ( NOS. 2-54) TO DEFENDANT, OLD LINE LIFE
INSURANCE COMPANY OF NORTH AMERICA, AN AMERICAN GENERAL COMPANY)
PLAINTIFFS' MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY TO
RESPOND TO PLAINTFFS' FOURTH SET OF REQUESTS FOR PRODUCTION;
WITH FIAT FOR SETTING. (CM)

9/24/2002      Order                                          Order
PLAINTIFF'S MOTION TO COMPEL HARRY BELTRAN TO RESPOND TO REQUEST FOR
DISCLOSURE SET FOR HEARING ON: OCTOBER 1ST 2002, AT 8AM,PLAINTIFF'S
MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA, AND
FOR SANCTIONS, PLAINTIFF'S SPECIAL EXCEPTIONS TO OLD LINE LIFE INS.
COMPANY'S ORIGINAL ANSWER, PLAINTIFF'S MOTION TO COMPEL OLD LINE LIFE
INSURANCE COMPANY OF NORTH AMERICA TO RESPOND TO THEIR FOURTH SET OF
REQUESTS FOR PRODUCTION, SET FOR HEARING ON: OCT. 1ST 2002, AT 8A.M.,
NOTICES OF SETTING FAXED TO ATTORNEYS PATRCIA O. ALVAREZ, GARY CRAPSTE
R, THOMAS F. A. HETHERINGTON, LARRY MORENO, ADAN GONZALEZ. (CM)
          Court Case Assignment                          Case Assgn
Court date/time: 10/01/2002  8:00:00
Assignment of court date/time.
Status entered as Open
          Hearing                                         Hearing
Hearing Type entered as Mtn/Compel
Hearing Type code    66: Mtn/Compel
          Court Case Assignment                          Case Assgn
Court date/time: 10/01/2002  8:01:00
Assignment of court date/time.
Status entered as Open
          Hearing                                         Hearing
Hearing Type entered as Motions
Hearing Type code    37: Motions
          Order                                              Order
PRE TRIAL GUIDELINE ORDER FORM, JURY TRIAL SET FOR: MAY 19TH 2003,
WITH FINAL PRE TRIAL SET FOR MAY 15TH 2003 AT 8AM. (CM)
          Court Case Assignment                          Case Assgn
Court date/time: 5/19/2003  8:00:00
Court date/time: 5/15/2003  8:00:00
Assignment of court date/time.
Assignment of court date/time.
Status entered as Open
Status entered as Open
          Hearing                                         Hearing
Hearing Type entered as Jury Trial
Hearing Type entered as Pre-Trial

===========================================================================

CASE NUMBER . . . . : 2002CVF000182 D1
       Hearing Type code    4: Jury Trial
       Hearing Type code    2: Pre-Trial


 9/30/2002      Filing Papers                                 File Paprs
       PLAINTIFFS' THIRD AMENDED PETITION. (CM)
       NOTICE OF FILING ( SEPTEMBER 27, 2002 PERTAINING TO MOTIONS TO COMPEL
       AND SPECIAL EXCEPTIONS.)
       NOTICE OF FILING. ( SEPT. 27, 2002, PERTAINING TO ORIGINAL POLICY,
       FORTIS DISC. D/L, INSPECTION OF POLICY. )CM

10/01/2002      Filing Papers                                 File Paprs
       CASE CALLED JUDGE FLORES PRESIDING. C.R. B. HILL, ATTORNEYS FOR
       PLTS. AND DEFENDANTS FILED A RULE 11 AGREEMENT, NO LONGER NEEDING
       THE HEARING SET FOR THIS MORNING. (CM)
               Filing Papers                                 File Paprs
       RULE 11 AGREEMENT. (CM)
       CERTIFICATE OF WRITTEN DISCOVERY. (CM)
               Filing Papers                                 File Paprs
       PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION. (CM)

10/03/2002      Filing Papers                                 File Paprs
       NOTICE OF FILING ( DEPOSITION NOTICE OF OLD LINE LIFE. )CM

10/04/2002      Filing Papers                                 File Paprs
       CERTIFICATE OF WRITTEN DISCOVERY. (CM)

10/09/2002      Filing Papers                                 File Paprs
       DEFENDANT OLD LINE LIFE INSURANCE COMPANY OF NORTH AMERICA'S SECOND
       AMENDED ANSWER. (CM)

10/21/2002      Filing Papers                                 File Paprs
       FORTIS INVESTORS, INC.'S AND FORTIS INSURANCE COMPANY'S SPECIAL
       EXCEPTIONS TO PLAINTIFFS' FOURTH AMENDED ORIGINAL PETITION. (CM)
       (WITH FIAT FOR SETTING ATTACHED.)CM

10/31/2002      Order                                          Order
       ORDER SETTING HEARING (FORTIS INS. CO.'S AND FORTIS INVESTORS INC.'S
       SPECIAL EXCEPTIONS TO PLAINTIFFS FOURTH AMENDED ORIGINAL PETITION SET
       FOR NOV. 12, 2002 AT 8:00 A.M.) NOTICE FAXED TO ADRIAN A. GONZALEZ,
       LARRY MORENO, AMY BOYEA, GARY CRAPSTER AND PATRICIA ALVAREZ (PF)

11/01/2002      Court Case Assignment                         Case Assgn
       Court date/time: 11/12/2002  8:00:00
       Assignment of court date/time.
       Status entered as Open
               Hearing                                        Hearing
       Hearing Type entered as Spcl/excpt
       Hearing Type code   65: Spcl/excpt

11/05/2002      Filing Papers                                 File Paprs
       PLAINTIFFS' MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY TO

=============================================================================

CASE NUMBER . . . . . : 2002CVF000182 D1
    PRODUCE ORIGINAL POLICY OF INSURANCE FOR SAFEKEEOING BY THE JUDGE OF
    THE 49TH DISTRICT COURT (WITH FIAT ATTACHED) (PF)

11/06/2002     Filing Papers                                 File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)

11/08/2002     Order                                         Order
    FIAT: PLTS. MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY OF NORTH
    AMERICA TO PRODUCE THE ORIGINAL OF TERM LIFE POLICY NO. MM0112648,
    SET FOR NOV. 12TH 2002, AT 8AM, NOTICES OF SETTING FAXED TO ATTORNEYS
    PATRICIA O. ALVAREZ, GARY CRAPPSTER, THOMAS F. A. HETHERINGTON
    LARRY MORENO, ADAN GONZALEZ. (CM)
               Court Case Assignment                         Case Assgn
    Court date/time: 11/12/2002  8:00:00
    Assignment of court date/time.
    Status entered as Open
               Hearing                                       Hearing
    Hearing Type entered as Mtn/Compel
    Hearing Type code   66: Mtn/Compel
               Filing Papers                                 File Paprs
    DEFENDANT OLD LINE LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S
    MOTION TO COMPEL OLD LINE INSURANCE COMPANY TO PRODUCE ORIGINAL POLICY
    OF INSURANCE FOR SAFEKEEPING BY JUDGE OF THE 49TH DISTRICT COURT. (CM)
    (WITH PROPOSED ORDER. )CM

11/12/2002     Filing Papers                                 File Paprs
    PLAINTIFFS' CERTIFICATE OF WRITTEN DISCOVERY; NOTICE OF APPEARANCE OF
    LEAD COUNSEL; NOTICE OF FILING. (CM)
               Filing Papers                                 File Paprs
    CASE CALLED JUDGE FLORES PRESIDING. C.R. B. HILL, ATTORNEY FOR
    PLTS. MR. ADAN GONZALEZ, FOR DEFENDANTS PATRICIA ALVAREZ, AND
    GARY C. CRAPSTER, HEARING ON: DEFTS. FORTIS  INVESTORS INC.'S AND
    FORTIS INSURANCE COMPANY SPECIAL EXCEPTIONS TO PLTS. FOURTH AMENDED
    ORIGINAL PETITION AND PLTS. MOTION TO COMPEL, ARGUEMENTS HEARD BY THE
    COURT, AND ORDERED PARTIES TO DEPOSIT THE CERTIFICATE OF INS.
    WITH THE COURT, AND DRAFT ORDER AND PRESENT SUCH TO THE COURT FOR
    SIGNATURE. (CM)

11/22/2002     Filing Papers                                 File Paprs
    MOTION FOR ENTRY OF ORDER. (NO FIAT FOR SETTING ATTACHED. )CM

11/26/2002     Filing Papers                                 File Paprs
    CASE CALLED JUDGE FLORES PRESIDING. C.R. CHUCK VELA, ATTORNEY FOR
    PLTS. MRS. PATRICIA ALVAREZ, FOR DEFENDANT OLD LINE LIFE INSURANCE
    COMPANY, HEARING ON; PLTS. MOTION FOR ENTRY OF ORDER GRANTING THEIR
    MOTION TO COMPEL, MOTION IS GRANTED, AGREEMENT READ INTO THE RECORD
    WITH AN INCORPORATED WRITING BY ATTORNEY ADAN GONZALEZ. (CM)
    ORDER SIGNED IN OPEN COURT, COPY OF ORDER HAND DELIVERED TO ATTORNEYS
    IN OPEN COURT. (CM)

12/02/2002     Filing Papers                                 File Paprs

============================================================================

CASE NUMBER . . . . : 2002CVF000182 D1
    PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY. (CM)

12/06/2002    Filing Papers                                  File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)
    PLAINTIFFS' FIFTH AMENDED PETITION. (CM)

 1/10/2003    Filing Papers                                  File Paprs
    PLAINTIFFS' MOTION TO COMPEL DEFENDANT, OLD LINE LIFE INSURANCE COMPAN
    TO RESPOND TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION (48-49)
    AND FOR SANCTIONS AGAINST OLD LINE AND/OR ITS ATTORNEYS. (CM)

 1/16/2003    Filing Papers                                  File Paprs
    PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES. (CM)

 2/20/2003    Filing Papers                                  File Paprs
    NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS. (CM)
    DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS. (CM)

 2/27/2003    Filing Papers                                  File Paprs
    FORTIS INSURANCE COMPANY'S AND FORTIS INVESTORS, INC.'S DESIGNATION
    OF EXPERTS. (CM)
              Order                                          Order
    FIAT: PLAINTIFF'S MOTION TO COMPEL OLD LINE LIFE INSURANCE COMPANY
    OF NORTH AMERICA AND FOR SANCTIONS, SET FOR FEB. 28TH 2003, AT 8AM.,
    NOTICES OF SETTING FAXED TO ATTORNEY RENE BARRIENTOS, PATRICIA OL
    ALVAREZ, GARY CRAPSTER, LARRY MORENO, ADAN GONZALEZ, AS PER COURT
    COORDINATOR, HEARING CANCELLED NOTICES WERE NOT FAXED ON TIME, ATTYS
    WILL RESUMITT NEW FIAT. (CM)

 2/28/2003    Filing Papers                                  File Paprs
    FORTIS INVESTOR'S AND FORTIS INSURANCE COMPANY'S MOTION FOR
    CONTINUANCE. (CM)
    WITH ORDER FOR SETTING ATTACHED. (CM)

 3/21/2003    Filing Papers                                  File Paprs
    DEFENDANT OLD LINE LIFE INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFF
    EXPERT WITNESSES; AND ORDER. (NO FIAT FOR SETTING ATTACHED.)CM

 3/25/2003    Filing Papers                                  File Paprs
    FORTIS INSURANCE COMPANY AND FORTIS INVESTORS, INC'S MOTION TO
    PLAINTIFFS' EXPERT DESIGNATION AND ROBINSON CHALLENGE. (CM)
    WITH ORDER SETTING HEARING ATTACHED. (CM)

 3/31/2003    Filing Papers                                  File Paprs
    DEFENDANT OLD LINE LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS'
    MOTION TO COMPEL AND FOR SANCTIONS. (CM)

 5/13/2003    Order                                          Order
    ORDER GRANTING FORTIS INSURANCE COMPANY'S MOTION FOR CONTIUNANCE.
    ( THE TRIAL DATE OF MAY 19TH 2003, BE RESET TO A LATER DATE TO BE
    DETERMINED BY THE COURT. )CM

==================================================================================

CASE NUMBER . . . . : 2002CVF000182 D1

7/07/2003      Filing Papers                                      File Paprs
    PLAINTIFF'S MOTION TO COMPEL RESPONSES TO THIRD REQUEST FOR PRODUCTION
    AGAINST FORTIS INSURANCE COMPANY AND FORTIS INVESTORS, INC. (CM)
    CERTIFICATE OF WRITTEN DISCOVERY. (CM)
    WITH FIAT FOR SETTING ATTACHED. (CM)

7/21/2003      Filing Papers                                      File Paprs
    FIAT: PLTS. MOTION TO COMPEL PRODUCTION FILED BY MOVANTS, SET FOR
    HEARING ON JULY 23RD 2003, AT 8AM., NOTICES OF SETTING FAXED TO ATTYS
    GARY C. CROPSTER, LARRY MORENO, PATRICIA O. ALVAREZ, AMY B. BOGEA.
    (CM)
                Court Case Assignment                             Case Assgn
    Court date/time: 7/23/2003  8:00
    Assignment of court date/time.
    Status entered as Open
                Hearing                                           Hearing
    Hearing Type entered as Mtn/Compel
    Hearing Type code   66: Mtn/Compel
                Filing Papers                                     File Paprs
    NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS. (CM)

7/23/2003      Filing Papers                                      File Paprs
    CASE CALLED JUDGE FLORES PRESIDING. C.R. B. HILL, ATTORNEY FOR
    DEFENDANT'S MR. ADAN GONZALEZ, HEARING ON: PLTS. MOTION TO COMPEL
    PRODUCTION, MR. GONZALEZ ANNOUNCED THAT PARTIES HAVE REACHED AN
    AGREEMENT ON MOTION TO COMPEL ORDER TO BE SUBMITTED FOR THE COURT.(CM)
                Order                                             Order
    ORDER GRANTING MOTION TO COMPEL. (CM)
    COPY OF ORDER MAILED TO RENE R. BARRIENTIOS, AND LARRY MORENO. (cm)

8/04/2003      Filing Papers                                      File Paprs
    AMENDED NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS.
    (CM)

8/29/2003      Filing Papers                                      File Paprs
    CERTIFICATION NOTICE OF DELIVERY. (CM)

12/12/2003     Filing Papers                                      File Paprs
    CERTIICATION/NOTICE OF DELIVERY. (CM)
    DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS.(CUSTODI
    AN OF RECORDS FOR: GARZA-GONGORA, DR. ARTURO.)CM

1/20/2004      Filing Papers                                      File Paprs
    CERTIFICATION NOTICE OF DELIVERY. (CM)
    DEPOSITION SUBPOENA TO TESTIFY OR PRODUCE DOCUMENTS OR THINGS. (CM)

3/04/2004      Filing Papers                                      File Paprs
    DOCKET CONTROL ORDER (SIGNED MARCH 1,2004) (FINAL PRE-TRIAL SEPT. 23,
    2004 AND TRIAL FOR SEPT. 27, 2004 AT 8:00 A.M.) COPY MAILED TO RENE
    BARRIENTOS, AMY B. BOYEA, GARY C. CRAPSTER, LARRY MORENO AND PATRICIA

=======================================================================

CASE NUMBER . . . . : 2002CVF000182 D1
     A. CALDER (PF)


 6/28/2004      Filing Papers                             File Paprs
     PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES. (CM)


 7/29/2004      Filing Papers                             File Paprs
     CERTIFICATE OF DISCOVERY. (CM)


 8/24/2004      Filing Papers                             File Paprs
     INFORMAL HEARING HELD IN CHAMBERS WITH ATTORNEY ADAN GONZALEZ, AND
     MR. BARRIENTOS, HEARING ON MOTION FOR CONTINUANCE, MOTION IS GRANTED
     OF TRIAL SETTING ORIGINALLY SET FOR SEPT. 27TH 2004, PARTIES TO
     SUBMITT NEW GUIDELINE ORDER FORM TO THE COURT, BY SEPT. 9TH 2004
     (CM)
               Order                                      Order
     ORDER ( DEFENDANT'S MOTION FOR CONTINUANCE, OF THE TRIAL SET FOR
     SEPTEMBER 27TH 2004 IS HEREBY RESET.)CM


10/12/2004      Filing Papers                             File Paprs
     REPORTER'S CERTIFICATION ORAL DEPOSITION OF AMELIA DUNN MAY 21, 2002
     VOLUME 1. (CM)


10/19/2004      Order                                     Order
     AMENDED SCHEDULING ORDER. ( JURY TRIAL SET FOR MARCH 21ST 2005, WITH
     FINAL PRE TRIAL SET FOR MARCH 17TH 2005 AT 8AM.)CM
               Court Case Assignment                      Case Assgn
     Court date/time: 3/21/2005   8:00
     Court date/time: 3/17/2005   8:00
     Assignment of court date/time.
     Assignment of court date/time.
     Status entered as Open
     Status entered as Open
               Hearing                                    Hearing
     Hearing Type entered as Jury Trial
     Hearing Type entered as Pre-Trial
     Hearing Type code    4: Jury Trial
     Hearing Type code    2: Pre-Trial


11/08/2004      Filing Papers                             File Paprs
     LETTER FROM LAW OFFICES OF RENE R. BARRIENTOS, DATED: NOV. 8TH 2004
     TO THE COURT: RULE 11 AGREEMENT, CONVERSATION ON OCT. 26TH 2004, PARTI
     ES AGREED TO PASS THE MARCH 21ST 2005 TRIAL DATE AND RESET THIS MATTER
     FOR THE NEXT AVAILABLE DATE OF APRIL 21ST 2005 AT 8AM..(CM)
               Court Case Assignment                      Case Assgn
     Court date/time: 4/21/2005   8:00
     Assignment of court date/time.
     Status entered as Open
               Hearing                                    Hearing
     Hearing Type entered as Jury Trial
     Hearing Type code    4: Jury Trial


11/12/2004      Filing Papers                             File Paprs

==================================================================================
CASE NUMBER . . . . : 2002CVF000182 D1
    RULE 11 AGREEMENT. (CM)

 1/04/2005       Filing Papers                              File Paprs
    MOTION FOR INSPECTION AND FORENSIC TESTING OF ORIGINAL LIFE INSURANCE
    POLICY (WITH FIAT ATTACHED) (PF)

 1/05/2005       Filing Papers                              File Paprs
    FIAT (PLAINTIFFS MOTION FOR INSPECTION AND FORENSIC TESTING OF LIFE
    ORIGINAL LIFE INSURANCE POLICY SET FOR JAN. 7, 2005 AT 8:00 A.M.)
    NOTICE FAXED TO LARRY MORENO, ADAN A. GONZALEZ, GARY CRAPSTER,
    PATRICIA A. ALVAREZ, AMY B. BOGEN AND RENE R. BARRIENTOS (PF)
                 Court Case Assignment                      Case Assgn
    Court date/time: 1/07/2005  8:00
    Assignment of court date/time.
    Status entered as Open
                 Hearing                                    Hearing
    Hearing Type entered as Fiat
    Hearing Type code   51: Fiat

 1/07/2005       Hearing                                    Hearing
    CASE CALLED. HEARING CANCELLED LETTER FAXED TO IRMA GARCIA (PF)
                 Filing Papers                              File Paprs
    MOTION FOR INSPECTION AND FORENSIC TESTING OF ORIGINAL LIFE INSURANCE
    POLICY (WITH FIAT ATTACHED) (PF)

 1/21/2005       Filing Papers                              File Paprs
    PLAINTIFFS' SECOND SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES.
    (FILED BY ATTY RENE R. BARRIENTOS, PATRICIA O. ALVAREZ, ELISAMAR
    SOTO FOR THE PLTS') RZ
                 Filing Papers                              File Paprs
    RULE 11 AGREEMENT (FILED BY ATTY RENE R. BARRIENTOS, PATRICIA ALVAREZ,
    ELISAMAR SOTO.) RZ

 1/31/2005       Filing Papers                              File Paprs
    CERTIFICATE OF WRITTEN DISCOVERY (PF)

 2/17/2005       Filing Papers                              File Paprs
    NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF MARIA ISABEL YANEZ-
    REYES (FILED BY ATTY THOMAS F. A. HETHERINGTON) RZ

 4/15/2005       Filing Papers                              File Paprs
    PLAINTIFFS' MOTION FOR DISMISSAL AND TAKE NOTHING JUDGMENT
    (WITHOUT AN ORDER ATTACHED) RZ

 4/20/2005       Court Case Assignment                      Case Assgn
    Court date/time: 4/21/2005  8:00
    Status changed from Open        to Cance
                 Filing Papers                              File Paprs
    *IMG* PLAINTIFFS' MOTION FOR DISMISSAL AND TAKE NOTHING JUDGMENT
    FILED BY ATTY RENE R. BARRIENTOS AND PATRICIA O. ALVAREZ. RZ
    SENT TO SCAN.

=====================================================================================

CASE NUMBER . . . . . : 2002CVF000182 D1
              Filing Papers                                  File Paprs
    *IMG* TAKE NOTHING JUDGMENT SIGNED 4/18/2005. (AS TO ALL)
    COPY OF THE JUDGMENT SENT VIA REG. MAIL AS TO RENE BARRIENTOS
    ATTY PATRICIA O. ALVAREZ, ATTY LANEY M. VAZQUEZ, ATTY GARY
    CRAPSTER, AND ATTY LARRY MORENO. RZ
    SENT TO SCAN.

4/21/2005       Disposition                                  Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For  OLD LINE LIFE INSURA
              Disposition                                    Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For HARRY BELTRAN
              Disposition                                    Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For SUSANO CASTILLO JR
              Disposition                                    Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For  D/B/A B&C FINANCIAL
              Disposition                                    Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For  FORTIS INSURANCE COM
              Disposition                                    Dispositn
    Disposition entered as   495.
    Disposition code   495: FinalJudgm
    For  FORTIS INVESTORS INC